[Crim. No. 413.   Third Appellate District.—January 22, 1918.]

## THE PEOPLE, Appellant, v. IDA FRANKLIN, Respondent.

CRIMINAL LAW—PRIOR CONVICTION—FINDING.—Under section 1158 of the Penal Code, where a previous conviction of the accused is charged, the jury must, unless the answer of the defendant to the charge of a previous conviction admits it to be true, find whether or not he has suffered such previous conviction, and where the jury fail to make such specific finding, the omission is fatal to the judgment, unless the subsequent crime charged is itself one for the commission of which it is within the jurisdiction of the superior court to impose punishment.

APPEAL from an order of the Superior Court of San Joaquin County granting a new trial. D. M. Young, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Appellant.

Walter F. Lynch, for Respondent.

CHIPMAN, P. J.—Defendant was informed against by the district attorney of San Joaquin County for the crime of selling and furnishing morphine, and having suffered two prior convictions for like crimes and punishable under the same statute. The defendant moved the court for a new trial, which was granted, and the people thereupon took an appeal from the order.

The minute order made by the court following the motion reads as follows: "Thereupon the court made an order granting defendant's motion for a new trial upon the ground that the defendant had not been properly arraigned in that said

defendant had not been asked whether or not she had suffered the prior convictions charged against her in the information and had not specifically entered her plea thereto, and that the jury did. not find specifically on the charge of the prior convictions.''

The minute entry made at the arraignment of defendant reads as follows: ''The defendant waived time allowed by the statute before answering the information, and upon being asked by the court whether she pleads 'guilty' or 'not guilty' to the offense charged in the information, the defendant in person pleads that she is not guilty.'' Thereupon the court fixed the day for the trial.

The verdict reads: ''We, the jury in the above-entitled cause, find the defendant, Ida Franklin, guilty as charged.''

The points now urged as grounds for reversing the order were before this court in *People* v. *Dueber*, 34 Cal. App. 686, [168 Pac. 578]. In a careful and painstaking opinion, written by Mr. Justice Hart, it was shown, we think with clearness, that under section 1158 of the Penal Code, where a previous conviction of the accused is charged, the jury must, unless the answer of the defendant to the charge of a previous conviction admits it to be true, find whether or not he has suffered such previous conviction, and where the jury fail to make such specific finding, the omission is fatal to the judgment, unless the subsequent crime charged is itself one for the commission of which it is within the jurisdiction of the superior court to impose punishment. The Dueber case cannot be distinguished from this case, and, as no reason is advanced which convinces us that the Dueber case was not correctly decided, it must rule this case.

The order is therefore affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 22, 1918.