[Crim. No. 664. Third Appellate District.—October 26, 1922.]

In the Matter of the Application of TUNG FONG, also Known as TONG FONG, for a Writ of Habeas Corpus.

[1] POLICE COURTS—CITY OF SACRAMENTO—AMENDMENT OF MINUTES—JURISDICTION.—Whether considered as a court of record or not, in a criminal proceeding the police court of the city of Sacramento has authority to amend its minutes to conform to the sentence actually pronounced.

[2] ID.—CUMULATIVE SENTENCES.—Whether applicable to proceedings in police courts or not, section 669 of the Penal Code does not deprive such courts of power to impose cumulative sentences within the limitations of that section.

[3] ID. — STATE POISON ACT — CUMULATIVE SENTENCES. — The state Poison Act (Stats. 1907, p. 124) does not purport to prescribe the procedure for prosecutions thereunder but merely defines and forbids certain acts and prescribes penalties for their commission; therefore, the police court of the city of Sacramento has authority

3. Power to impose cumulative sentences generally, note, 7 L. R. A. (N. S.) 124.

to impose cumulative sentences where a person has been convicted of more than one violation of that act.

[4] ID.—SECOND OFFENSES—WHEN HEAVIER PENALTY APPLICABLE.— In order to justify the heavier penalty prescribed by the State Poison Act (Stats. 1907, p. 124) for second and subsequent offenses, the second or subsequent offense must have been committed after conviction of the first.

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody after conviction by a Police Court of a violation of the State Poison Act. Writ discharged and petition denied.

The facts are stated in the opinion of the court.

Frank L. Gafney and H. T. Hiatt for Petitioner.

Hugh B. Bradford, District Attorney, and Markham Johnson, Assistant District · Attorney, for Respondent.

FINCH, P. J.—June 5, 1922, in the police court of the city of Sacramento, in case No. 1227, the petitioner was adjudged guilty of having had a preparation of morphine in his possession on the first day of June, 1922, contrary to the provisions of the act of 1907, and amendments thereto, regulating the sale and use of poisons. (Stats. 1907, p. 124.) Thereafter on the same day, in case No. 1228, he was adjudged guilty of having had a preparation of cocaine in his possession on the first day of June, 1922, contrary to the provisions of the act. After both convictions he was sentenced under the first charge to pay a fine of one hundred dollars and to be imprisoned in the county jail for the term of ninety days and under the second charge he was sentenced to imprisonment in the county jail for ninety days. The judgment in the latter case provided: "The term of imprisonment herein to commence at the expiration of the term of imprisonment imposed upon said defendant in the case of *People* v. *Tong Fong*, No. 1227." The court minutes of June 5th did not recite that the judgment of guilty in case No. 1228 was rendered prior to the time sentence was pronounced in case No. 1227, and October 4, 1922, on motion of the prosecution, the court amended its minutes of June 5th to recite that sentence was

not imposed in case No. 1227 until after judgment of guilty was rendered in case No. 1228. Petitioner served the full term of imprisonment imposed in case No. 1227 and then filed his petition herein for a writ of *habeas corpus*.

[1] Petitioner contends that the order of the police court purporting to amend its minutes is null and void. In *Wildenhayn* v. *Justice Court,* 34 Cal. App. 306 [167 Pac. 305], it was held that a justice's court as well as a court of record, has the inherent power to amend its records so as to make them speak the truth with respect to the actual orders it has made. Article VI, section 12, of the state constitution provides: "The supreme court, the district courts of appeal, the superior courts, and such other courts as the legislature shall prescribe, shall be courts of record." The Sacramento city charter, duly approved by the legislature, provides that the police court "shall be considered a court of record, and shall have a seal." The court had authority to amend its minutes to conform to the sentence actually pronounced, whether considered as a court of record or not.

. [2] It is argued that section 669 of the Penal Code, providing for cumulative sentences under certain circumstances, is not applicable to cases tried in police courts. Prior to the enactment of that section it was held that police courts had jurisdiction to impose cumulative sentences. (*People* v. *Forbes,* 22 Cal. 136.) Whether applicable to proceedings in police courts or not, there is nothing in section 669 which would deprive such courts of power to impose cumulative sentences within the limitations of that section. If it does not apply to such courts, then manifestly it does not curtail the powers exercised by them prior to its enactment, while if it does so apply, then it merely limits the jurisdiction of such courts to impose cumulative sentences to the cases therein mentioned, just as it does that of superior courts.

[3] It is claimed that the act under which petitioner was prosecuted is a special statute containing a complete system of procedure, and that, since the act does not provide for cumulative sentences, the court had no jurisdiction to impose such. No reason appears why this act should have so provided any more than any other penal statute. The power to impose cumulative sentences is given generally, without regard to the nature of the offenses of which a defendant

stands convicted. The two or more crimes referred to in section 669 need not be of the same character. The prosecutions therefor may be under entirely different statutes. The statute in question here does not purport to prescribe the procedure for prosecutions thereunder but merely defines and forbids certain acts and prescribes penalties for their commission.

It is suggested that the offenses charged in the two complaints were in fact but a single act of possession of the two forbidden drugs at the same time and therefore constituted but a single offense. It is not necessary to decide whether the possession of the two drugs at one time would constitute a single offense or two offenses, because the record does not show but that the defendant may have had possession of one drug at one time during the day and the other at another time.

[4] The statute provides: "Any person convicted under section eight of this act for having in possession any of the narcotic drugs or their derivatives mentioned therein, shall upon the first conviction be deemed guilty of a misdemeanor, and punished by a fine of not more than two hundred dollars, or not more than ninety days imprisonment in the city or county jail, or by both such fine and imprisonment; for the second and each subsequent offense of which said person so convicted shall be found guilty, said person shall be deemed guilty of a felony and punished by imprisonment in the state prison for not less than one year, nor more than five years" (Stats. 1921, p. 978). Some authorities hold that under such a statute the heavier penalty is to be imposed although the second offense was committed before the defendant was convicted of the first. (8 R. C. L. 275.) If that rule is to prevail here, then the second offense of which petitioner was convicted was a felony of which the police court had no jurisdiction. It is thought, however, that the correct rule, and the one sustained by the greater weight of authority, is that in order to justify the heavier penalty the second offense must have been committed after conviction of the first. In *City of Mt. Sterling* v. *Buss*, 216 Ill. App. 6, the ordinance under consideration provided that any person convicted of violating its provisions "shall forfeit and pay to said city the sum of twenty-five dollars for each

first offense, and the sum of two hundred dollars for each and every offense thereafter.'' The court said: ''The words 'each first offense' include all violations of the ordinance proven on the first prosecution of a person charged with having violated it. The words 'each and every offense thereafter' have reference to subsequent violations. . . . A second offense, carrying with it a severer penalty, is not committed in law until there has been a conviction for a first offense.'' In *State* v. *Savage,* 86 W. Va. 655 [104 S. E. 153], the court said: ''A defendant cannot be guilty of a second offense until it has been judicially determined that he has sinned once before.'' In *Commonwealth* v. *McDermott,* 224 Pa. St. 363 [73 Atl. 427], it is said: ''The severer penalty is imposed by the legislature because that imposed for the first offense was ineffectual. The second offense, carrying with it severer penalties, is therefore not committed in law until there has been judgment for the first.'' (See, also, *People* v. *Bergman,* 176 App. Div. 318 [162 N. Y. Supp. 443]; *Kinney* v. *State,* 45 Tex. Cr. 500 [78 S. W. 225, 79 S. W. 570]; *Muckenfuss* v. *State,* 55 Tex. Cr. 216 [117 S. W. 853]; *Hyser* v. *Commonwealth,* 116 Ky. 410, 76 S. W. 174]; *Brown* v. *Commonwealth,* 119 Ky. 670 [61 S. W. 4].)

The writ is discharged and the petition denied.

Hart, J., and Burnett, J., concurred.