[Crim. No. 703.   Third Appellate District.—September 26, 1923.]

THE PEOPLE, Respondent, v. H. J. ROSE, Appellant.

[1] CRIMINAL LAW—WRIGHT ACT—POSSESSION OF INTOXICATING LIQUOR —FIRST OFFENSE—JURISDICTION.—Where a person is charged for the first time with the offense of having possession of intoxicating liquor in violation of the Wright Act, the jurisdiction to try such person for such offense is exclusively in the justices' courts.

[2] ID.—MISDEMEANORS—CONSOLIDATION—JURISDICTION.—The superior court cannot acquire or be clothed with jurisdiction of ordinary or so-called low-grade misdemeanors by the mere act of consolidating them in the form of counts in an information or an indictment.

[3] ID.—UNLAWFUL POSSESSION OF INTOXICATING LIQUOR—CONSOLIDATION OF COUNTS IN INFORMATION — JURISDICTION OF SUPERIOR COURT.—The mere consolidation in an information of two counts, each charging the defendant with the same offense, namely, having intoxicating liquor in his possession in violation of the Wright Act, the commission of one offense being shown to have occurred on a different date from the other, does not give the superior court jurisdiction to try the defendant.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Reversed.

The facts are stated in the opinion of the court.

George E. Gardner, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was informed against by the district attorney of Butte County for the crime of violating "an act adopted by the people of the state of California, November 7, 1922, to wit, the state Prohibition Act." The information is in two counts, the first of which charges that the defendant did on or about the seventeenth day of February, 1923, in the county of Butte, wrongfully, willfully, and unlawfully "have in his possession, and did possess, certain intoxicating liquor, said intoxicating liquor then and there containing more than one-half of one per cent of alcohol by volume, and said intoxicating liquor being then and there fit for use for beverage purposes," etc. The second count charges that the defendant had like possession of the same character of liquors on the nineteenth day of March, 1923. The jury found the defendant guilty on both counts and the court sentenced him to pay a fine of five hundred dollars on each of the two counts. Before sentence was imposed, however, the defendant made a motion in arrest of judgment on the ground that the court "has no jurisdiction over the subject of the information and has no jurisdiction whatever over the trial of the subject matter of said information, or to pass judgment on the said defendant on the said verdict of conviction." The motion was denied and the defendant appeals from the judgment. The sole question presented for determination, as is necessarily implied from the nature of the ground upon which the motion in arrest of judgment was based, is whether the superior court had jurisdiction of the offenses of which the defendant was convicted. Section 29 of the Volstead Act (41 Stat. 316, tit. 2), which, at the general election held in California in the month of November, 1922, was adopted by the people under the referendum and is, therefore, the law of this state (Stats. 1921, p. 79), provides that the penalty for any offense denounced in said act for which a special penalty is not elsewhere therein prescribed shall be fined,

for the first offense, not more than five hundred dollars, for a second offense not less than one hundred dollars nor more than one thousand dollars or be imprisoned not more than ninety days and "for any subsequent offense shall be fined not less than five hundred dollars and be imprisoned not less than three months nor more than two years." For the offense of having possession of intoxicating liquors there is no special penalty prescribed by the act and, therefore, the penalty to be imposed for such an offense comes within the provision of the act just referred to. [1] It is clear that where a person is charged for the first time with the offense of having possession of intoxicating liquor the jurisdiction to try such person for such offense is exclusively in the justices' courts. (Sec. 1425, subd. 3, Pen. Code.) As shown the information here charges the defendant in one count with having possession of intoxicating liquor on the seventeenth day of February, 1923, and with a like offense alleged to have been committed on the nineteenth day of March, 1923, and the specific question to be determined here is whether the commission of the offense charged in the first count was or is a "first offense" within the meaning or contemplation of section 29 of title 2 of the Volstead or the Wright Act.

The theory and the reasoning of the trial judge as to the question of jurisdiction, as we gather them from his remarks in passing upon and denying the motion in arrest of judgment, seem to be that, since there is no express provision of law authorizing the charging of two or more offenses of which the justice's court has jurisdiction which were "connected together in their commission" or of the same class of offenses or crimes, and, since an information or an indictment may charge in different counts felonies so connected in their commission or of the same class, the superior court may acquire jurisdiction of two or more misdemeanors of which the justice's court has jurisdiction, where, by bunching them together and so charging them in an information or an indictment, the aggregate penalties of all will exceed the maximum penalty which it is within the competence of the justice's court to impose under the law fixing the criminal jurisdiction of such court. Obviously, both the theory and the reasoning are fallacious. As well may it be said that the superior court may be

vested with jurisdiction to try the crime of simple assault, of which justices' courts have sole jurisdiction, where the same party has committed such offense two or more times on the same person or where committed by one person on different persons at the same time, by charging the several assaults in different counts in an information or indictment, the penalties, when taken in the aggregate, being in excess of the maximum penalty which a justice's court has the authority to impose. Manifestly, where a person commits two or more different offenses, whether they are of the same or a different class or were or were not committed in connection with each other, the offender must be proceeded against in three different and independent proceedings, unless the law authorizes the several offenses so committed to be charged in the same accusatory pleading and so tried together. As to two' or more felonies connected together in their commission or which belong to the same class of crimes, there is authority for such procedure. (Pen. Code, sec. 954.) We have, however, found no express authority for the charging of two or more misdemeanors of which justices' courts have jurisdiction and committed by the same person in separate counts in the same complaint. But this consideration is not pertinent to the inquiry here.

[2] It is only the statement of an obviously sound proposition when it is said that the superior court cannot, under our system, acquire or be clothed with jurisdiction of ordinary or so-called low-grade misdemeanors by the mere act of consolidating them in the form of counts in an information or an indictment. There are, it is true, certain instances in which the superior court is given jurisdiction of petty offenses (those of which, when taken singly, the justices' courts have jurisdiction), and these are: 1. Where the same party has suffered a conviction of petit larceny and judgment of sentence has been pronounced against him and subsequently to such conviction he again commits a like offense, he then may be proceeded against by the people as for the commission of a felony (*People* v. *Delaney*, 49 Cal. 395) or a crime to which is annexed, by reason of a former conviction of an offense similar to the one subsequently charged, a penalty which a justice's court has no authority to impose, to wit, imprisonment in the state penitentiary for a term not to exceed five years (Pen. Code, sec. 666,

subd. 3). 2. Where, as in this and other somewhat cognate cases (see Stats. 1913, p. 692), the penalty for the second or third offense is so increased as necessarily to remove the offense from the jurisdiction of the justices' courts to that of the superior courts. In all such cases, though, there must have been a first conviction, and the same, in addition to the charge of the commission of the second offense, must be set out in the information, and the jury must specifically find upon the question whether the accused had suffered the previous conviction, unless he has upon his arraignment admitted that he has suffered such prior conviction (Pen. Code, sec. 1158; *People* v. *Eppinger*, 109 Cal. 294 [41 Pac. 1037]; *People* v. *Dueber*, 34 Cal. App. 686 [168 Pac. 578]; *People* v. *Franklin*, 36 Cal. App. 23 [171 Pac. 441]), and to render the first offense available as in aggravation of the punishment for a subsequent offense of the same character, there obviously must not only have been a conviction of the accused of the first offense, but there must also have been a judgment imposing a penalty therefor, the theory upon which an increased penalty for the commission of the same misdemeanor a second time is authorized being, as is pointed out by the presiding justice of this court in *Ex parte Tung Fong*, 59 Cal. App. 499 [211 Pac. 32], that deterrent consequences having evidently not followed from the punishment inflicted for the commission of the first offense, a more drastic punishment should be imposed for the second as a corrective of the manifest predilection of the accused for committing such infractions of public law. In *State* v. *Savage*, 86 W. Va. 655 [104 S. E. 153], cited in *Ex parte Tung Fong*, *supra*, it is said that "a defendant cannot be guilty of a second offense until it has been judicially determined that he has sinned once before," and in *Commonwealth* v. *McDermott*, 224 Pa. St. 363 [24 L. R. A. (N. S.) 431, 73 Atl. 427], also cited in *Ex parte Tung Fong*, the court declared: "The severer penalty is imposed by the legislature because that imposed for the first was ineffectual. The second offense, carrying with it severer penalties, is, therefore, not committed in law until there has been judgment for the first." (See, also, other cases cited in *Ex parte Tung Fong*, *supra*.)

In the present case, the defendant could have been acquitted on both counts, and thus, if the case had been within

the jurisdiction of the superior court, a further or future prosecution of the accused for either offense would be barred. On the other hand, if the first offense charged had been a prior conviction, and so charged, as far as the jury could have gone as to such conviction would be to find whether or not the defendant had suffered such conviction. And in such case the jury could have found, if the accused had not admitted the fact, that he had suffered such prior conviction and at the same time found him not guilty of the alleged subsequent offense, in which case the prior conviction would still be available to be set up by the people as in aggravation of the punishment in the event that, subsequently to such acquittal, the defendant committed a similar offense, and in that case the superior court would have jurisdiction of the offense. **[5]** At all events, as we think we have clearly pointed out, the very consideration or motive actuating the legislature in prescribing such an increased penalty for the commission, for the second time, of misdemeanors which are ordinarily exclusively cognizable by justices' courts as to vest jurisdiction in such cases in the superior courts, is absent in the instant case, and the verdict and the judgment against the defendant are, therefore, *coram non judice* and void.

The judgment is reversed, with directions to the trial court to dismiss the information and all proceedings in connection therewith.

Finch, P. J., concurred.