## Commonwealth v. Frantjis (No. 2)

*Samuel Dash*, Assistant City Solicitor, for Commonwealth.

*Thomas A. Masterson*, for defendant.

*Colbert C. McClain*, for private prosecutor.

LEVINTHAL, J., December 16, 1953.—Defendant has filed a motion to quash the bill of indictment charging her with violations of the so-called Solicitation Act of Pennsylvania of June 5, 1947, P. L. 474, as amended by the Act of June 28, 1951, P. L. 922, 10 PS §§141 to 151, relating to and regulating the solicitation of money and property for charitable, benevolent or patriotic purpose. The indictment averred that although de-

fendant, as member and secretary of an unincorporated association named The Philadelphia Committee to Secure Justice for the Rosenbergs, had failed to register with the Department of Public Instruction of the Commonwealth of Pennsylvania, and did not obtain a certificate of registration in accordance with the provisions of the act, she did nevertheless on three separate occasions solicit contributions for that association. The indictment specifically alleged that on October 14, 1952, defendant orally solicited contributions in a speech at a public meeting; that on December 19, 1952, she solicited contributions by written appeals through the mails and that on January 30, 1953, she solicited contributions by means of a paid advertisement in a Philadelphia daily newspaper.

It is contended by defendant that the indictment is defective on its face and should be quashed. The District Attorney of Philadelphia County agrees that defendant's motion to quash should be sustained by the court. A representative of the Attorney General in Pennsylvania was present in court as an observer at the time of the argument on this motion. He did not express any dissent from the position taken by the district attorney.

Counsel for the private prosecutor, however, insists that the indictment is regular on its face, and that the motion to quash should be dismissed.

To determine whether the indictment is defective or regular on its face requires a careful reading and construction of the following relevant provisions of the Solicitation Act (10 PS §150):

"Section 150. Violations; penalties; injunction.

"(a) Any person . . . which violates any of the provisions of this act . . . shall upon summary conviction before any magistrate . . . be sentenced to pay a fine not to exceed one hundred dollars ($100), and in case of an individual in default of payment

thereof, to undergo imprisonment not to exceed ten (10) days.

"(b) Any person who . . . within the period of two (2) years, shall commit two (2) or more violations of the provisions of this act . . . shall be guilty of a misdemeanor, and punishable by a fine of not less than one hundred dollars ($100) or more than one thousand dollars ($1,000), and in the case of an individual, in addition to the said fine, may be punishable by imprisonment of not more than one (1) year."

It is contended by defendant and the district attorney that a reasonable interpretation of the quoted provisions compels us to hold that a person may not be *indicted* for a second violation of the act unless he shall first have been convicted in a summary proceeding of a prior violation thereof. The private prosecutor, on the other hand, argues that although the statute expressly increases the penalty for a second violation, it does not explicitly provide that summary conviction of one violation must precede an indictment for an additional violation.

We are of the opinion that on the basis of both precedent and reason defendant's motion to quash must be sustained.

In Commonwealth v. Calio, 155 Pa. Superior Ct. 355 (1944), defendant had been indicted for selling ice cream in violation of the Act of May 31, 1933, P. L. 1116, 31 PS §397, which provided that:

"Any person . . . violating any of the provisions of this act, . . . shall, for the first or second offense, upon conviction thereof in a summary proceeding, be sentenced to pay a fine . . . and for a third or subsequent offense, shall be guilty of a misdemeanor."

Defendant in that case made illegal sales on May 14th, June 4th and July 20th of the same year. On June 30th he was summarily convicted and fined for the sale on June 4th, and on September 10th he was

again summarily convicted, this time for the sale on May 14th. He was then indicted as a third offender for the sale on July 20th, which was the third illegal sale made in point of time. Defendant argued that he could not be indicted unless the Commonwealth pleaded two prior summary convictions, antedating the sale alleged in the indictment, and that it was not sufficient for the Commonwealth merely to plead two prior "offenses". The trial court rejected this contention and held that "if it is a third offense in fact, it is immaterial when the previous convictions were had".

The lower court was reversed by the Superior Court, which stated at pp. 359 and 360:

"Superficially considered, the words of the statute might conceivably support the meaning ascribed to them by the Court below. . . . But the 'object to be attained' is the authentic password to the true meaning of 'the words of a law': Statutory Construction Act of May 28, 1937, P. L. 1019, Section 51 (4), 46 PS section. 551. We think that it is clear that the purpose of a legislative provision increasing the severity of punishment for repeated offenders is to allow convicted persons an opportunity for reform, but to temper the leniency with a promise of sterner treatment in the event that the milder forms of reproof are not successful. Interpreting the statute consonantly with this purpose, we are required to hold that the heavier penalties shall be imposed only upon those who persist in violating the statute after two convictions have been obtained. This appellant had not been twice convicted before he made the sale for which he was indicted, and his point for binding instructions should have been affirmed."

The broad general principle enunciated in the Calio case has been firmly imbedded in the common law from time immemorial. Hawkins, Pleas of the Crown, bk. 1, ch. 7, sec. 7, p. 72, 8th ed. (1795), succinctly declares:

"Where a statute makes a second offense felony, or subject to a heavier punishment than the first, it is always implied, that such second offense ought to be committed after a conviction for the first; from whence it follows, that if it be not so laid in the indictment, it shall be punished but as the first offense; for the gentler method shall first be tried, which perhaps may prove effectual."

The private prosecutor insists that the instant case is distinguishable from the Calio case because the Solicitation Act uses the word "violations" instead of "offenses". It is argued that the latter term implies a conviction, whereas the former does not. In our opinion, there is no merit whatsoever in this contention. The word "violation" is frequently used as a synonym of the word "offense", each connoting a punishable breach or transgression of a law. Thus, "the word 'offense' implies a violation of a law by which alone it can be denounced": Thomas v. United States, 156 Fed. 897 (C. C. A., 8th cir., 1907) at p. 900.

A literal reading of the statute involved in the Calio case would have required the court to sustain the indictment there: similarly, a literal reading of the statute involved in the instant case would require us to sustain the indictment here. But the words of a penal statute are not to be "superficially considered". The "object to be attained is the authentic password to the true meaning of the words of a law": Statutory Construction Act of May 28, 1937, P. L. 1019.

In every case in our jurisdiction which has considered a statute which increases the penalties for successive violations, it has been uniformly held that the act to which the more severe punishment applies can, in the eyes of the law, be *committed* only *after* the offender had been previously *convicted* of the prior violation: Commonwealth ex rel. Turpack v. Ashe, Warden, 339 Pa. 403 (1940); Commonwealth v. McDermott, 224

Pa. 363 (1909); Rauch v. Commonwealth, 78 Pa. 490 (1875); Commonwealth v. Sutton, 125 Pa. Superior Ct. 407 (1937).

American courts that have had occasion to interpret statutes which impose an additional penalty upon subsequent offenders have universally held that the prior conviction must be alleged in the indictment or information: Smith v. United States, 41 F. 2d 215 (C. C. A., 9th cir.), 282 U. S. 876 (1930); City of Mt. Sterling v. Buss, 216 Ill. App. 6 (1919); Wages v. Commonwealth, 192 Ky 487 (1921); Faull v. State, 178 Wis. 66 (1922); Cooper v. Commonwealth, 134 Va. 545 (1922); People v. Rose, 63 Cal. App. 762 (1923); State v. McKenzie, 182 Minn. 513 (1931); State v. Hamilton, 340 Mo. 768 (1937); Arbuckle v. State, 132 Tex. Cr. App. 371 (1937): Indeed, a statute which provided that it shall not be necessary to allege such previous conviction was declared unconstitutional and void by the highest court of Massachusetts: Commonwealth v. Harrington, 130 Mass. 35 (1880).

Moreover, aside from all the many precedents, we are of the opinion that the interpretation of the Solicitation Act which counsel for the private prosecutor urges us to adopt is patently unreasonable and absurd. If we were to construe the statute as warranting an indictment for two violations, without any prior summay conviction, it would follow that a person who, without a certificate of registration, obtains a considerable sum of money as the result of a single solicitation, may only be fined a maximum of $100 in a summary proceeding. If, however, he obtains a few pennies from two separate individuals within a few minutes, as the result of more than one solicitation, he may, without any prior summary conviction, be indicted and imprisoned for one year.

It is an elementary principle of statutory construction that the legislature is not to be presumed to have

intended an unreasonable or absurd result: Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552. Accordingly, we conclude that the indictment in this case is defective on its face in failing to aver a prior conviction in a summary proceeding for a first violation. Defendant's motion to quash must therefore be sustained.

In view of our construction of the statute, it is unnecessary (indeed, it would be improper) for us to pass upon the constitutional arguments advanced in support of the motion to quash. Relying upon a number of decisions of the Supreme Court of the United States and of the appellate courts of our Commonwealth, it is contended by defendant's counsel that the Solicitation Act of Pennsylvania is unconstitutional (1) because it authorizes the Department of Public Instructions to refuse the privilege of soliciting to those whose purposes the department deems not "proper" or "inimical to the public welfare or safety", and (2) because the legislature has delegated to the Department of Public Instruction, free of any standard independent of their own mind and judgment, the power of applying or suspending the terms of the statute: Lovell v. City of Griffin, 303 U. S. 444 (1938); Schneider v. State (Town of Irvington), 308 U. S. 147 (1939); Cantwell et al. v. Connecticut, 310 U. S. 296 (1939); Largent v. Texas, 318 U. S. 418 (1942); Holgate Bros. Co. et al. v. Bashore et al., 331 Pa. 255 (1938); Bell Telephone Company v. Driscoll et al., 343 Pa. 109 (1941), and Kellerman v. Philadelphia, 139 Pa. Superior Ct. 569 (1939).

Counsel for the private prosecutor points out that in Commonwealth v. McDermott, 296 Pa. 299 (1929), the Supreme Court of Pennsylvania unanimously upheld the constitutionality of the Solicitation Act. It is to be noted that the attack upon the statute in that case was on the ground merely that it involved a wrongful

classification in violation of article III, sec. 7, of the Constitution of Pennsylvania, exempting as it does certain religious, educational and charitable groups from its operation, and that the constitutional questions raised on behalf of defendant in this case were not in issue in the McDermott case.

It is a fundamental rule that a court will never pass on the constitutionality of a statute unless it is absolutely necessary to do so in order to decide the case before it: Commonwealth to use v. Picard et al., 296 Pa. 120 (1929), at p. 124. See 18 C. J. S., §§207, 208.

In view of our decision to quash the indictment by reason of the interpretation we have given to the penal provisions of the Solicitation Act, we must refrain from passing upon the constitutional questions raised by defendant's counsel.

### Order

And now, to wit, December 16, 1953, defendant's motion to quash the bill of indictment is sustained; indictment quashed.