[Crim. No. 394.  Third Appellate District.—September 19, 1917.]

## THE PEOPLE, Respondent, v. BYRON DUEBER, Appellant.

CRIMINAL LAW—VIOLATION OF DRUG ACT—PRIOR CONVICTIONS—LACK OF FINDING—INSUFFICIENT VERDICT.—In a prosecution for violating the provisions of section 8 of the act of the legislature of 1907 (Stats. 1907, p. 124), as amended in 1913 (Stats. 1913, p. 692), declaring it to be unlawful to sell, give away, or have in possession cocaine or morphine, where the information charged two previous convictions of the defendant of violating such section, a verdict of guilty which did not specifically find on the alleged previous convictions was incomplete and insufficient to authorize the court to pronounce judgment thereon.

ID. — CONSTRUCTION OF CODE — NECESSITY OF FINDING ON PRIOR CONVICTION.—Under section 1158 of the Penal Code, where a previous conviction is charged, the jury must, unless the answer of the defendant to the charge admits it to be true, find whether or not he has suffered such a conviction, and where the jury fails to make such specific finding, the omission is fatal to the judgment, unless the subsequent crime charged is itself one for the commission of which the superior court has jurisdiction to impose punishment.

ID.—APPLICABILITY OF CODE PROVISION.—Section 1158 of the Penal Code was not intended to apply exclusively to sections 666 and 667 of such code, prescribing more drastic punishment in cases of prior convictions.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial. D. M. Young, Judge.

The facts are stated in the opinion of the court.

Walter F. Lynch, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was, by a jury, in the superior court of San Joaquin County, adjudged guilty of violating section 8 of an act of the legislature prohibiting, under certain specified conditions, the sale of poisons. (See Stats. 1907, p. 124; Stats. 1909, p. 422; Stats. 1911, p. 1106; Stats.

1913, p. 692, and Stats. 1915, p. 863.)    He appeals from the
judgment and the order denying him a new trial.

Section 8 of said act, as amended by the legislature of 1913
(Stats. 1913, pp. 692, 695, *supra*), provides that it shall be
unlawful for any person, etc., to sell, furnish, give away, or
offer to sell, furnish, or give away or to have in their or
his possession certain specifically named poisons, including
cocaine and morphine, or any of the salts, derivatives, or
compounds thereof, or any preparation or compound contain-
ing any of the "foregoing substances" or their salts, deriva-
tives, or compounds, excepting upon the written order or
prescription of a physician, dentist, or veterinary surgeon,
licensed to practice in this state, etc.    "Such order or pre-
scription," proceeds said section, "shall be permanently re-
tained on file by the person, firm or corporation who shall
compound or dispense the articles ordered or prescribed and
it shall not be again compounded or dispensed if each fluid
or avoirdupois ounce contains more than . . . 1 grain of
morphine . . . or 1 grain of cocaine, . . . excepting upon
the written order of the prescriber for each and every sub-
sequent compounding or dispensing."

It is further provided by said section that the foregoing
provisions thereof "shall not apply to sales at wholesale by
jobbers, wholesalers and manufacturers to pharmacies, as
defined in section one of an act entitled: 'An act to regulate
the practice of pharmacy in the state of California and to
provide a penalty for the violation thereof; and for the ap-
pointment of a board to be known as the California State
Board of Pharmacy,' approved March 20, 1905, and acts
amendatory thereof; or physicians, nor to each other, nor to
the sale at retail in pharmacies by pharmacists to physicians,
dentists or veterinary surgeons duly licensed to practice in
this state."    The exceptions thus provided by the section are
subject to certain conditions prescribed thereby.

Section 7 of said act, as amended by the legislature of 1915
(Stats. 1915, p. 863, *supra*), in part provides: "Any person
violating any of the provisions of section eight . . . of this
act shall upon conviction be punished as follows, viz.: For
the first offense by a fine of not less than one hundred dollars,
and not to exceed four hundred dollars, or by imprisonment
for not less than fifty days and not exceeding one hundred
and eighty days, or by both such fine and imprisonment; for

the second offense, by a fine of not less than two hundred and fifty dollars, and not to exceed five hundred dollars, or by imprisonment for not less than ninety days and not exceeding six months, or by both such fine and imprisonment; and for the third offense by imprisonment in the state prison for not less than one year and not more than five years."

The information alleges that the defendant, on or about the twenty-eighth day of September, 1916, at and in the county of San Joaquin, did " . . . sell, furnish and give away, and have in his possession, hydro-chloride of cocaine containing more than one-sixth grain of cocaine to the fluid or avoirdupois ounce, and morphine and sulphate of the alkaloid of morphine, containing more than one-quarter grain of morphine to the fluid or avoirdupois ounce, and said sale and possession was not upon the written order or prescription of a physician, dentist, or veterinary surgeon, licensed to practice in the state of California." It is then alleged that the sale and the possession so charged are not within the cases expressly excepted by said section 8 from the provisions thereof interdicting such sale and possession. The information then charges two previous convictions of the defendant of violating the provisions of said section.

The assignments of error upon which the defendant relies for a reversal are: 1. That the information fails to state facts sufficient to confer jurisdiction upon the superior court to try the charge alleged therein; 2. That the trial court prejudiced the rights of the accused by refusing to grant his motion that the people be required to elect and designate the particular offense of the several which it is asserted are charged under the statute and to the establishment of which they intended particularly to address the proofs; 3. That the court misdirected the jury in matters of law; 4. That the verdict as returned by the jury was incomplete and insufficient to authorize the superior court to pronounce judgment thereon, inasmuch as the jury did not specifically find upon the alleged previous convictions of the defendant.

We think the point last stated must be sustained, and consideration of the other points relied upon may therefore be waived.

Section 1158 of the Penal Code provides: "Whenever the fact of a previous conviction of another offense is charged in an indictment or information, the jury, if they find a ver-

dict of guilty of the offense with which he is charged, must
also, unless the answer of the defendant admits the charge,
find whether or not he has suffered such previous conviction.
The verdict of the jury upon a charge of previous conviction
may be: 'We find the charge of previous conviction true,' or
'We find the charge of previous conviction not true,' as they
find that the defendant has or has not suffered such con-
viction.''

The record here discloses that, when arraigned, the defend-
ant made no plea or answer to the previous convictions
charged against him in the information, and that the jury
made no special finding as to the said prior convictions, the
verdict found and returned being general and reading as
follows: ''We, the jury in the above-entitled cause, find the
defendant, Byron Dueber, guilty as charged.''

It is, of course, but the statement of a self-evident prop-
osition to say that the authority of the superior court to
impose judgment of sentence in a case arising under the stat-
ute upon which this prosecution is founded rests wholly upon
the fact of two prior convictions of the accused under the
provisions thereof, and that the fact of such prior convictions
must be alleged and proved, or admitted by the defendant.

The contention of the attorney-general is that, while it is
true that the first and second violations of the statute are each
mere simple misdemeanors, yet, when a third offense there-
under is committed by the same party, the three, taken to-
gether—that is, the two distinct offenses of which he had
previously been convicted and the third offense charged—
constitute a specific felony, the same as if the charge involved
but one act or transaction, and in support of this view he
cites *People* v. `Delaney`, 49 Cal. 394. It is hence argued
that a verdict found, as in this case, of ''guilty *as charged*,''
necessarily covers and includes every issue made by the in-
formation or indictment in a case of this character and every
element of which the ''specific felony'' so charged is con-
stituted. The attorney-general further contends that the re-
quirement of section 1158 that a special finding of the pre-
vious convictions alleged must be made applies only to certain
sections of the Penal Code prescribing aggravated penalties
in cases of prior convictions of certain offenses. (See Pen.
Code, secs. 666, 667.)

We do not conceive it to be important to the decision of the point upon which, as declared above, we find ourselves constrained to reverse this case to consider whether a distinct and independent felony is committed where there exists and is charged against the accused a combination of a previous conviction of a certain public offense with the specific offense subsequently committed and charged. This, though, appears to be the view expressed in *People* v. *Delaney, supra.* But whatever may be the correct legislative theory of the code sections referred to—whether it was to make the prior convictions essential elements of a distinct and specific felony, or merely to make it imperative for the superior court to impose aggravated punishments upon those possessed of a confirmed habitude for the commission of petty and other crimes—the indisputable proposition remains that the legislature has, without qualification, ordained, by the enactment of section 1158 of the Penal Code, that where a previous conviction of the accused is charged, the jury *must,* unless the answer of the defendant to the charge of a previous conviction admits it to be true, find whether or not he has suffered such previous conviction; and in those cases to which section 1158 is applicable, under the circumstances pointed out by said section, where the jury fail to make such specific finding, the omission is fatal to the judgment, unless the subsequent crime charged is itself one for the commission of which it is within the jurisdiction of the superior court to impose punishment.

This precise question arose in the case of the *People* v. *Eppinger,* 109 Cal. 294, [41 Pac. 1037], wherein the court, speaking through Mr. Justice Henshaw, said, *inter alia:* ''A more serious objection is found in the form of the verdict returned upon the general issue. The defendant, having pleaded not guilty, put the prosecution to proof upon all material averments, of which that of prior conviction was one. The jury did not find specifically upon this issue as they were required to do by section 1158 of the Penal Code, but returned a verdict finding the defendant guilty as charged. The verdict rendered should be treated as a finding against the defendant upon the crime charged, and in favor of the defendant upon the question of prior conviction.'' And upon this ground the judgment was reversed.

We are unable to coincide with the contention that section 1158 of the Penal Code was intended to apply exclusively

to sections 666 and 667 of said code. Section 1158 is, as we have in effect said and as is plainly true, in general and unqualified language, and neither from said language nor from any reason rationally arising from the natural theory of such a rule of law are we to conclude or even infer that it was not intended to apply to any case, whether provided for before and at the time of its enactment or might thereafter be provided for, in which a person charged with a public offense might have pleaded and proved against him the fact of his having suffered a previous conviction of a crime for the purpose of authorizing a more drastic punishment for the crime charged than would be inflicted where such prior conviction had not been brought up against him and proved. The section seems to us to be very plain upon this proposition. It says that *"whenever* the fact of a previous conviction of another offense is charged in an indictment or information," etc., and thus, as we construe the language, a general rule of procedure as to all of the cases of the class to which the section refers is promulgated and laid down. The words "another offense" cannot reasonably be held to mean some other different kind or character of offense from the one subsequently committed. If such were the intended signification of those words, then the section would not apply to many cases of previous convictions and certainly not to the case contemplated by subdivision 3 of section 666. But we think that clearly by section 1158 the legislature has in effect declared: That to avoid any doubt as to the effect of the verdict in any such cases, the jury must, unless the admission of the accused in reference thereto renders it unnecessary for them to pass upon that question, make a specific finding upon an issue involved therein which must of necessity exert an influence upon the question of the extent of the punishment which may be imposed, and, indeed, the decision of which, so far as it applies to subdivision 3 of section 666 and even to the present case, is determinative of the question whether the superior court shall be empowered to impose any punishment at all. This, to our minds, is the only reasonable conclusion as to the scope and effect of section 1158. In fact, it seems to us that if the legislature had intended to limit the application of said section to the provisions of sections 666 and 667 of said code, it would have so phrased the former section as to read: "Whenever the fact of a previous convic-

tion of another offense is charged in an indictment or information, *as provided in sections 666 and 667* of this code," etc.

There is no other legal course open to us but to reverse the judgment and the order, and it is so ordered.

Chipman, P. J., and Burnett, J., concurred.