[Crim. No. 2172. Second Appellate District, Division One.—December 21, 1931.]

In the Matter of the Application of JIM A. DANIELS for a Writ of Habeas Corpus.

'A. H. McConnell for Petitioner.

Martin DeVries, Chief Deputy City Prosecutor, for Respondent.

CONREY, P. J.—In accordance with decision this day announced from the bench the petitioner is discharged from custody.

By the complaint filed in the Municipal Court of the City of Long Beach the petitioner was charged with unlawful possession of intoxicating liquor, with the additional charge that he had theretofore twice been convicted of the like offense. On defendant's plea of not guilty he was tried by the court without a jury. At the close of the trial the court found the defendant guilty as charged, without mention of the charges as to said prior convictions. Two days later when the defendant was brought before the court for sentence the people moved to reopen the case for the purpose of proving prior convictions. Over defendant's objection the motion was granted, testimony was received, and the allegations of prior convictions were found to be true. Thereupon the court imposed sentence that the defendant be fined in the sum of $500 and be imprisoned in the county jail for the term of two years. The sentence did not impose any alternative of imprisonment for nonpayment of the fine.

The condition of the case at the time of the motion to reopen cause was the same as if the previous decision of the court had been in the form of a verdict by a jury. The effect of said decision was an acquittal of the charges of prior conviction. (*People* v. *Eppinger*, 109 Cal. 294, 298 [41 Pac. 1037].) "The absence of any finding of prior conviction leaves the principal verdict standing alone as a conviction upon a first offense." (*In re Hall*, 88 Cal. App.

212, 215 [263 Pac. 295, 296]; Pen. Code, sec. 1158; *People* v. *Dueber,* 34 Cal. App. 686, 690 [168 Pac. 578]; *People* v. *Franklin,* 36 Cal. App. 23 [171 Pac. 441].)

Houser, J., and York, J., concurred.