[Crim. No. 435.   Fourth Appellate District.—August 24, 1938.]

THE PEOPLE, Appellant, v. TONY YSABEL, Respondent.

U. S. Webb, Attorney-General, Eugene M. Elson, Deputy Attorney-General, Elmer W. Heald, District Attorney, and D. H. Wolford, Deputy District Attorney, for Appellant.

W. I. Wilson for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of escape, a felony, and with two prior convictions of felony. After a plea of not guilty and a denial of the prior convictions he was tried with a jury on May 2, 1938. The jury returned a verdict finding him "guilty of escape as charged in the information", but was unable to agree on the prior conviction charges. The jury was discharged, the time for pronouncing sentence was fixed for May 6, 1938, and, over the objection of the defendant, the cause was "set for retrial at this time for Monday, May 16, 1938, on the question of prior convictions".

On May 6, 1938, judgment was pronounced, sentencing the defendant to imprisonment in the state prison at Folsom, and it was also ordered that he "be held in the county jail until the further trial of the case on May 16, 1938". The matter came on for retrial on that date, before another judge. Counsel for defendant then moved "that all further proceedings in this case be dismissed, particularly the going to trial at this time, upon the ground that the court has no further jurisdiction in this case". After argument the court granted the motion and entered an order that "the further proceeding upon the matter of prior convictions will be dismissed". From this order the People have appealed.

The appellant, in arguing that the order of dismissal was erroneous, contends that the failure of the jury to find on the prior conviction charges did not operate as an acquittal thereon, and that the court was not divested of jurisdiction to retry the respondent on these charges. It is respondent's contention that the failure to find was in effect an acquittal

on the prior conviction charges and also that the court, having accepted the verdict on the escape charge, was without jurisdiction to retry the other charges.

■ While it has been held in a number of cases that a general verdict of guilty, without mentioning a prior conviction charge, is a verdict in favor of the defendant on the latter issue (*People* v. *Dueber,* 34 Cal. App. 686 [168 Pac. 578] ; *People* v. *Cardosco,* 77 Cal. App. 780 [246 Pac. 461] ; *In re Daniels,* 119 Cal. App. 350 [6 Pac. (2d) 549] ; *People* v. *Eppinger,* 109 Cal. 294 [41 Pac. 1037] ), it cannot be held that the same result obtains where it affirmatively appears that a jury has been unable to agree on such an issue and has been discharged. (*People* v. *Lavine,* 115 Cal. App. 289 [1 Pac. (2d) 496].) The failure of this jury to find thereon was not an acquittal on the prior conviction charges. The real question presented is whether the court had the authority or jurisdiction to accept a partial verdict and, after pronouncing sentence, to proceed to retry the prior conviction issues at another time and before another jury, thus dividing the issues and trying them piecemeal.

■ It is well settled that the statutory provisions for alleging and proving prior convictions do not have the effect of again placing a defendant in jeopardy in connection with the former offenses but merely affect the circumstances surrounding the commission of a new offense, and the resulting increased punishment relates only to the new offense. ■ The matter of a previous conviction is a question of fact which is material to the aggravated offense for which the defendant is being tried and, if issue is joined, is one of the facts which must be passed upon by a jury. (*People* v. *Coleman,* 145 Cal. 609 [79 Pac. 283].) Being a material fact which affects the nature of the new offense it is not only one which should be tried therewith, but it is one which should be reflected in the judgment pronounced in order that the proper sentence may be determined. ■ Ordinarily, in the absence of specific authority, a court has not the power, after having once pronounced sentence, to modify its judgment in such a manner as to increase the punishment. (*In re Garrity,* 97 Cal. App. 372 [275 Pac. 480]. See, also, *In re Fontino,* 135 Cal. App. 466 [27 Pac. (2d) 413].) This should also be true where the modification of the judgment depends upon further findings of fact, particularly

upon issues which had been presented and which should have been decided as a basis for the first judgment. It was here argued that to retry these issues as to previous convictions would make no change in the judgment which had been pronounced, and that all that remained after such a retrial was for the court to certify a fact which could be used by the prison board in determining the length of the sentence. However, a subsequent finding that the prior convictions had occurred, if valid and effective, would materially modify the facts represented in the judgment and furnish the basis for an increased punishment.

It is necessary that the requisite facts be found, and whether or not the judgment formally adjudges the defendant an habitual criminal, it should disclose the facts material to the fixing of sentence. In the case of *In re Boatwright*, 216 Cal. 677 [15 Pac. (2d) 755], it was suggested that the better practice was for the court to make such a formal adjudication. In *People* v. *Vaile*, 2 Cal. (2d) 441 [42 Pac. (2d) 321], relied upon by the appellant, it was held that while such a formal adjudication should be made it was not essential if the judgment as entered disclosed the necessary facts. In that case a second judgment pronounced after section 969a of the Penal Code was amended in 1931 was not approved, but it was merely held that the original judgment was sufficient and that the second added nothing thereto. Nothing in the case is authority for the proposition that material facts can be determined after judgment is entered.

■ Proving prior convictions is a statutory proceeding and the answer to the question before us must depend upon the meaning of the pertinent statutes. We are unable to find anything, either in these statutes or in the interpretation placed upon them by any of the cases cited, which authorizes a court to determine the facts regarding prior convictions except in connection with and as a part of a prosecution for a new offense. Formerly, a provision existed which, under certain circumstances, permitted such an issue to be raised and decided by another judge or jury, even after sentence had been pronounced. Section 969a of the Penal Code, as added in 1927, provided not only that pending indictments or informations could be amended by including charges of subsequently discovered prior convictions but that,

at any time after judgment and before the sentence had been served, prior convictions could be set up in a supplemental information, and, if denied, could be passed upon by a jury or by the court if a jury was waived. The latter provision, permitting the submission of the issue of prior convictions to a different jury, was eliminated in 1931 and that section now "provides only for an amendment of a pending indictment or information so as to set forth the prior conviction or convictions". (*People* v. *Fewkes*, 214 Cal. 423 [6 Pac. (2d) 250].)

Section 644 of the Penal Code provides that a person convicted of a felony, who has suffered certain convictions of named felonies and served terms therefor, shall be adjudged an habitual criminal and shall suffer what amounts to an increased punishment. Section 969, after setting forth the form in which previous convictions may be alleged in an indictment or information, provides that "all known previous convictions . . . must be charged". Section 969a provides for the amendment of "pending" indictments or informations so as to charge prior convictions which have been discovered and that the defendant shall "promptly" be rearraigned and required to plead thereto, but now contains no provision permitting the raising or trying of issues as to prior convictions after sentence has been pronounced. Section 1158 provides that whenever a previous conviction is charged the jury, if they find a defendant guilty of the new offense charged, "must also", unless the prior conviction charges have been admitted, "find whether or not he has suffered such previous conviction".

We think it clearly appears, especially since the amendment of section 969a in 1931, that the intent of these statutes is that the charge of prior convictions shall be passed upon in connection with the new offense charged and by the same jury. No other procedure is in terms authorized and the whole spirit and intent of these statutes appear to be that a prior conviction charge is to be determined solely as one of the issues in the trial for the new offense. Prior convictions are to be considered for their effect upon the new offense charged and the statute provides that if the jury finds a verdict of guilty as to the new offense, or main issue, it shall also pass upon the other question. This can no longer be done here since the main issue has been deter-

mined, the judgment pronounced and the jury discharged. Doubtless a charge of prior conviction may be abandoned, if no verdict thereon is obtained, but where a jury disagrees on that question we are unable to find where any authority has been given the court to segregate the issues by accepting a partial verdict and separately trying one of the facts upon which the jury could not agree. The verdict here rendered was incomplete, but having been accepted in that form the remaining issues could not be tried by themselves, at another time and before another jury. It follows that further proceedings for that purpose were properly dismissed.

The order appealed from is affirmed.

Marks, J., and Thompson (Gordon), J., *pro tem.*, concurred.