[Crim. No. 6116.   Second Dist., Div. Three.   Aug. 4, 1958.]

THE PEOPLE, Respondent, v. ROSE MAY AHOUSE, Appellant.

Arthur Sherman for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

SHINN, P. J.—Rose May Ahouse was charged with the crime of petty theft with a prior conviction of petty theft in the Municipal Court of Beverly Hills, Los Angeles County. It was alleged in the information that she had previously been convicted of a felony in the Court of Quarter Sessions of the State of New Jersey in and for the County of Passaic and had served a term of imprisonment therefor in a state prison. She admitted the former felony conviction and that she had served a term in the state prison therefor. In a jury trial a verdict was returned, reading "We, the Jury in the above entitled action, find the Defendant guilty of Petty theft with prior conviction of petty theft, a felony, as charged in the information." Defendant's application for probation was denied and she was sentenced for the crime of petty theft with the prior conviction of petty theft, having previously suffered the conviction of felony. She appeals from the judgment and from an order denying her motion for a new trial.

Upon the appeal it is contended (1) that the verdict of the jury was defective in that it failed to find specifically as to the prior conviction of petty theft; (2) there was insufficient evidence to establish the prior conviction, and (3) the district attorney was guilty of misconduct.

The evidence pertaining to the former conviction of petty theft consisted of the testimony of Harry Duncan, a deputy sheriff, and of Earl Soverns, an expert in the rolling and comparison of fingerprints. The People introduced a card as their Exhibit Number 1 for identification and exhibited it to Duncan. The card contained fingerprints which Duncan testified he had caused the defendant to place upon the card. The People also introduced in evidence as their Exhibit Number 2 for identification a certified copy of a commitment from the Municipal Court of Beverly Hills Judicial District, County

of Los Angeles, State of California, which stated that one Rose May Ahouse was convicted of the crime of petty theft and served a term of imprisonment of 60 days in the county jail. On the reverse side of People's Exhibit Number 2 were certain fingerprint impressions. Soverns testified that he had made a comparison of the fingerprint impressions on People's Exhibit Number 1 with the impressions appearing on the reverse side of the commitment paper, that in his opinion the two sets of impressions had been made by the same person, and that he found 12 or more points of similarity between the two. The witness was not cross-examined and the two exhibits were received in evidence without objection.

█ The record of the former conviction of petty theft having been introduced without objection, and in view of the fact that identity of person is presumed from identity of name (Code Civ. Proc., § 1963, subd. 25; *People* v. *Sberno*, 22 Cal.App.2d 392, 400 [71 P.2d 274]), there was sufficient evidence of the former conviction of petty theft (Pen. Code, § 969b). █ It is true, as defendant contends, that there was no direct evidence that defendant placed on Exhibit Number 2 her own fingerprint impressions, but that fact was established by the testimony that they were identical with the impressions which she had placed upon Exhibit Number 1.

█ Since defendant did not admit the former conviction of petty theft it was necessary that the jury find whether she had suffered such previous conviction. █ The verdict or finding upon the charge of previous conviction may be: " 'We (or I) find the charge of previous conviction true' " or " 'We (or I) find the charge of previous conviction not true.' " (Pen. Code, § 1158.) Defendant cites *People* v. *Eppinger*, 109 Cal. 294 [41 P. 1037], *People* v. *Dueber*, 34 Cal.App. 686 [168 P. 578], *In re Hall*, 88 Cal.App. 212 [263 P. 295], *People* v. *Cordosco*, 77 Cal.App. 780 [246 P. 461] and *In re Daniels*, 119 Cal.App. 350 [6 P.2d 549]. The cited cases hold only that where there is no finding whatever by the jury with respect to the alleged former conviction, the verdict stands only as a conviction of the later offense and an acquittal of the prior conviction. Manifestly, the cases do not support the contention of the defendant. In *People* v. *Wallach*, 8 Cal.App.2d 129 [47 P.2d 1071], the statement of the court at the time of judgment and sentence that the court had previously "announced its decision finding you [defendant] guilty of the offense, to wit, petty theft, with a prior conviction thereof" was sufficient to show that the trial court did make a decision

upon the issue of former conviction. In *People* v. *Flohr*, 30 Cal.App.2d 576 [86 P.2d 862], defendant and another were charged with robbery under an information which alleged that "they did, while armed with a deadly weapon, to wit: a gun, rob one W. L. McDonald." The jury returned a verdict reading: "We, the jury in the above entitled action, find the defendant, Ronald Flohr, guilty as charged in the information." Section 1158a required that the jury must find whether or not the defendant was armed as charged in the count to which the plea of not guilty was entered and that the verdict might be "We find the charge of being armed contained in the [blank] count true." In holding that the verdict was sufficient to comply with section 1158a, Penal Code, the court stated: "The quoted verdict found him guilty 'as charged in the information' which is equivalent to a finding that he was armed with a gun at the time of the commission of the crime."

In view of the allegations of the information and of the evidence pertaining to the prior conviction of petty theft, we can attribute no merit to the contention that there was not a sufficient compliance with section 1158. There is no requirement in that section that the verdict must name the court in which the former conviction was suffered or the date thereof. The reference in the verdict to the charge laid in the information identifies the prior conviction of petty theft as found by the jury with the conviction alleged in the information.

There is no merit in the contention that the prosecutor was guilty of misconduct. Defendant had testified on redirect examination that she had been convicted of two felonies and the questioning by the district attorney which is complained of was merely designed to elicit the fact that these convictions were in addition to the petty theft conviction pleaded in the information. The questioning was entirely proper.

The judgment and order are affirmed.

Wood (Parker), J., and Nourse, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.