[Crim. No. 8674.    Second Dist., Div. One.    Nov. 5, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT GUTIERREZ LOVIO, Defendant and Appellant.

David C. Marcus for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David M. Rothman, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of violating section 11530, Health and Safety Code (possession of marijuana).

In an information filed in Los Angeles County on February 20, 1962, appellant was charged with four codefendants with possessing marijuana on January 13, 1962. A prior conviction of a felony was charged against appellant and he pleaded not guilty and denied the truth of the allegation with reference to the prior conviction. A jury trial was waived and appellant was found guilty as charged and the allegation with reference to the prior felony conviction was found to be true. The appeal is from "the judgment and sentence" "and from the denial of the defendant's motion for a new trial." The last mentioned motion is nonappealable (Pen. Code, § 1237).

A résumé of some of the facts is as follows: Officers Dorris and Salazar of the Los Angeles County Sheriff's Office were patroling about 4 a.m., January 13, 1962, in the 500 block of Sadler Avenue where they observed a parked automobile. One of the doors of the observed car was open and a man was standing next to it. Another man was getting out of the car. The high beam lights on the police car were turned on in order that the officers could see better and as this was done two men ran across the street. The police car was then stopped, the overhead red light was turned on and one of the officers called out to the men who were running to stop. One of the men, Roybal, stopped and the other, Ochoa, continued running onto the porch of the house at 516 Sadler Avenue, it being the house directly across the street from where the observed car was parked.

Officer Dorris ran toward the porch. Ochoa took an object out of his jacket and threw it over the side of the porch to the ground. Dorris ran onto the porch where Ochoa had been and with the aid of a flashlight saw three brown rolled paper cigarettes upon the ground. Ochoa was placed under arrest. The door to the house was opened by one of the Contreras who occupied the place and when the officers were observed the door was immediately closed. Dorris retrieved the cigarettes thrown upon the ground by Ochoa and returned to the vicinity of the police car with Ochoa. Roybal also was placed under arrest.

During the time Dorris was chasing Ochoa, Officer Salazar had crossed the street to the parked automobile from which Ochoa and Roybal had run. With the aid of a flashlight, Salazar observed Fred Barela in the driver's seat of the parked car and appellant on the passenger's side. A tinfoil package was on the seat between them with what resembled marijuana cigarettes in it. Salazar ordered the men out of the parked automobile. At the rear of the car the deputy requested some identification and Barela produced a driver's license. Appellant began searching in his pockets and produced a wax paper package which he dropped to the ground. Salazar picked it up and observed that it contained what appeared to be marijuana. The officer picked up two cigarettes from the front seat of the parked car. Assistance from other officers was requested and such assistance soon arrived.

Dorris and Salazar approached the Contreras house and knocked on the door and Mrs. Contreras answered. She was told that the officers wanted to talk to Mr. Contreras. She inquired as to whether the officers had a search warrant and the officers answered in the negative. Mrs. Contreras shut the door and shortly thereafter reopened it and told the officers that Mr. Contreras was in the bedroom and that they could come in. The deputies entered the house, saw a coffee table in the living room upon which were partly filled glasses and a piece of wax paper upon which was a leafy susbstance resembling marijuana. The wax paper and the leafy material were taken into the possession of the deputies. Contreras was placed under arrest.

It was stipulated in effect that the cigarette and the leafy material heretofore mentioned contained marijuana.

Appellant now asserts that there was an unlawful search and seizure, that the evidence was insufficient to support the conviction and further that the proof of the alleged prior conviction was not proper. No useful purpose would be served in repeating all of that which made up the evidence. Suffice it to say that the officers acted properly and lawfully.

In *People* v. *Ellsworth*, 190 Cal.App.2d 844, 846-847 [12 Cal.Rptr. 433], it is stated: ''The courts of this state consistently have adhered to the proposition that a police officer may question a person outdoors at night when the circumstances are such as would indicate to a reasonable man in like position that such a course is necessary to the discharge of his duties. . . . Such a procedure does not constitute an arrest even though the person interrogated may be de-

tained momentarily ... and the existence of facts constituting probable cause to justify an arrest is not a condition precedent to such an investigation. ... The reasonableness of an officer's decision to make an investigation is determined in the light of the facts and circumstances as they appeared to him at the time he was required to act.''

Here Officer Salazar would have been derelict in his duty had he not gone to the parked automobile and observed who was in it and what they were doing. One of the first things he saw was the package upon the seat which he thought was marijuana—he asked the appellant to get out of the parked automobile and when appellant did so, and was looking through his own wearing apparel for an identification item, he dropped a package which contained marijuana to the ground. Salazar was not conducting a search—he was simply observing that which was in his plain sight. (*People* v. *Hyde*, 51 Cal.2d 152, 157 [331 P.2d 42].)

A crime was being committed in the immediate presence of Officer Salazar and under such circumstances it was not required that he have a warrant of arrest for arresting appellant.

The appellant was charged with a prior felony conviction (possessing heroin)—in fact the record disclosed that appellant was on probation for a previous narcotic offense at the time of the occurrence of the events heretofore related. Appellant denied the prior conviction; however, when testifying while under cross-examination he readily admitted a prior felony conviction with reference to possessing heroin, he stated that he recognized and knew what marijuana cigarettes looked like. This, of course, would not in and of itself constitute sufficient proof of the prior conviction. However, the superior court file case number 222022, *People* v. *Lovio,* with reference to the prior conviction was presented as an exhibit, the probation officer to whom appellant's case was assigned as a result of the prior conviction identified appellant as being the person named in the superior court case number 222022, *People* v. *Lovio,* and the file was thereupon admitted into evidence. The name of the defendant in case number 222022, and the name of the defendant in the present case are identical. Identity of persons is presumed from identity of names. (Code Civ. Proc., § 1963, subd. 25.) The proof of the prior conviction was sufficient. (*People* v. *Ahouse,* 162 Cal.App.2d 586, 588 [328 P.2d 227].)

The appeal from the sentence is in effect an appeal from

the judgment.

The attempted appeal from a nonappealable order denying the motion for a new trial is dismissed. The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.