[Crim. No. 10260. Second Dist., Div. Four. June 9, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. LIONEL PAUL COOKS, Defendant and Appellant.

Donald R. Jacobs, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert P. Samoian, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—Defendant was charged with petit theft, a felony under Penal Code section 666,[1] he having served a

---

[1]Penal Code section 666 reads, in part: "Every person who, having been convicted of petit larceny or petit theft and having served a

term of imprisonment for a prior conviction for petit theft. Defendant waived a jury trial. The court found him guilty as charged and sentenced him to state prison. His appeal is from the judgment.

The manager of a market testified that he observed defendant enter the premises, remove a bottle of Scotch whiskey from the shelf, place it under his shirt and walk out. The manager followed the defendant outside and recovered the merchandise. Defendant, testifying on his own behalf, admitted that he recalled going to the market on the day of the offense and recalled the bottle of Scotch being taken from him outside the market, but he didn't remember taking the Scotch because he was drunk.

The prior conviction was proved by placing in evidence a certified copy of a judgment and records of the sheriff showing that the defendant had been imprisoned in the county jail under the judgment. Identity of the defendant in that case was confirmed by a stipulation that the fingerprints were those of the present defendant.

■ The judgment must be reversed under the rules laid down by the Supreme Court in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and *People* v. *Stewart,* 62 Cal.2d 571 [43 Cal.Rptr. 201, 400 P.2d 97]. The record shows that after defendant was arrested he made a full confession to a police officer, which confession was received in evidence at the trial. The officer did not say exactly when or where the confession was made, but his testimony includes the following: "I asked the defendant what he had done at the market on Friday afternoon, which was the 31st;..." The witness was not the arresting officer. He identified himself as a member of the detective division, "one of the investigating officers" on the case. The testimony of the arresting officer was that at the scene of the arrest at the market he smelled the odor of alcohol about the defendant, but that in his opinion the defendant was then sober; but 35 or 40 minutes later, at the station, the defendant appeared to be intoxicated. During the booking process defendant fell down.

---

term therefor in any penal institution or having been imprisoned therein as a condition of probation for such offense, commits any crime after such conviction is punishable therefor as follows:

" . . . . . . .
"3. If the subsequent conviction is for petit theft, then the person convicted of such subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison not exceeding five years."

The inference seems inescapable that, at sometime after the day of the arrest, while defendant was in custody, a detective undertook a process of interrogation which lent itself to eliciting incriminating statements. No other purpose for this particular conversation is suggested by the record. It does not appear that the defendant had been advised of his rights or had waived such rights at that time. Regardless of the other evidence in the case, reversal is automatic under the controlling authorities.

Since the case must go back for retrial, an important procedural matter requires discussion.

The record shows that the information includes the allegation ''That before the commission of the offense hereinbefore set forth in this information, said defendant, LIONEL PAUL COOKS was in the Superior Court, State of California, County of Los Angeles convicted of the crime of Petty Theft and the judgment of said court against said defendant in said connection was on or about the 8th day of February, 1961, pronounced and rendered and said defendant served a term of imprisonment therefor in County Jail.'' When defendant was arraigned, he pleaded ''Not Guilty.'' It does not appear that he was asked whether he had suffered the prior conviction. At the conclusion of the trial, both sides having rested, the court said, ''I am satisfied the defendant is guilty of what he is charged with. The Court so finds.'' No other statement of the court's finding appears in the reporter's transcript. The only finding recorded in the minutes for that day is: ''Defendant is found 'Guilty' as charged....'' The judgment contains the following recital: ''Whereas the said defendant having been duly found guilty in this court of the crime of PETTY THEFT WITH A PRIOR CONVICTION OF PETTY THEFT (Sec 666 PC), a felony, as charged in the information....''

The questions raised are whether Penal Code section 1158[2]

---

[2]Penal Code section 1158 reads: "Whenever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he is charged, the jury, or the judge if a jury trial is waived, must unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction. The verdict or finding upon the charge of previous conviction may be: 'We (or I) find the charge of previous conviction true' or 'We (or I) find the charge of previous conviction not true,' according as the jury or the judge find that the defendant has or has not suffered such conviction. If more than one previous conviction is charged a separate finding must be made as to each."

requires a separate finding as to the prior conviction in a prosecution under Penal Code section 666, and, if so, whether the absence of any separate finding would compel a reversal of the judgment. Before attempting to answer the first question, it is helpful to examine the history of the pertinent code sections.

Penal Code section 666 was a part of the original Penal Code enacted in 1872. It was then, and still is, a part of title 16 of part 1, headed "General Provisions," and dealing with the subject of punishment. Definitions of crimes were and are found in titles 3 through 15 of part 1. In the 1872 code, sections 666 and 667 were the general sections providing for increased punishment for offenders who had suffered prior convictions. The opening sentence of the original section 666 read as follows: "Every person who, having been convicted of any offense punishable by imprisonment in the State Prison, commits any crime after such conviction, is punishable therefor, as follows:..."

In 1903 the introductory clause was amended to read: "Every person who, having been convicted of petit larceny, or of any offense punishable by imprisonment in the state prison. . . ."

In 1909 this language was again amended to read: "Every person who, having been convicted of petit larceny and having served a term therefor in any penal institution. . . ."

The Code Amendments of 1873-74 added section 1025, which then read: "When a defendant, who is charged in the indictment with having suffered a previous conviction, pleads either guilty or not guilty of the offense for which he is indicted, he must be asked whether he has suffered such previous conviction. If he answers that he has, his answer shall be entered by the Clerk in the minutes of the Court, and shall, unless withdrawn by consent of the Court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. If he answer that he has not, his answer shall be entered by the Clerk in the minutes of the Court, and the question whether or not he has suffered such previous conviction shall be tried by the jury which tries the issue upon the plea of 'not guilty,' or in case of a plea of 'guilty,' by a jury impaneled for that purpose. The refusal of the defendant to answer is equivalent to a denial that he has suffered such previous conviction. In case the defendant pleads 'not guilty,' and answers that he has suffered the previous conviction, the charge of the previous

conviction shall not be read to the jury, nor alluded to on the trial."

This section was repealed in 1880, but reenacted in 1905. The present section 1025 differs only slightly from the original language.

The 1872 code (like the present one) set forth in section 1093 the order of proceedings at trial. By the amendments of 1873-74 the following language was added to section 1093: "and in cases where the indictment charges a previous conviction and the defendant has confessed the same, the Clerk in reading such indictment shall omit therefrom all that relates to such previous conviction." The present code contains similar language, though it now refers to "the accusatory pleading" rather than "the indictment."

The 1872 code also contained a section 1158, which then read: "Whenever the fact of a previous conviction is charged in an indictment, the jury, if they find a verdict of guilty, must also find whether or not the defendant had suffered such previous conviction."

That section has since been expanded by a succession of amendments. The form of the verdict on the charge of prior conviction was first specified in the amendment of 1880. In 1951 the section was amended to its present form, which contains this language: "The verdict or finding upon the charge of previous conviction may be: 'We (or I) find the charge of previous conviction true' or '... not true,'..."

From an examination of these code sections it appears that the Legislature has, since the 1873-74 amendments, required certain procedural steps to be followed when a prosecutor seeks to impose the heavier punishment prescribed in section 666: (1) when a defendant pleads, he must be asked specifically whether he has suffered the alleged prior conviction (§ 1025); (2) if he admits the prior, neither the allegation nor the confession of the prior shall be disclosed to the jury (§ 1093); (3) if the defendant places the prior in issue by denying it, the jury (or the court, since 1951) must make a finding on the alleged prior conviction, which "may be" in the language set forth in the statute (§ 1158).

During the course of the years the Legislature has added to the Penal Code a number of other provisions for the heavier punishment of persons who commit crimes after having suffered previous convictions. Commencing in 1927 the indeterminate sentence statute, section 1168, was amended to

specify minimum terms of imprisonment for persons with prior convictions. Such limitations were subsequently placed in section 3024. In 1923 section 644 was enacted to provide longer terms of imprisonment for habitual criminals. As new statutes have been enacted to provide for various kinds of multiple offenders, section 666 has been amended so as to limit it only to those who have suffered a prior conviction of petit theft. Thus most of the prosecutions today which include an allegation of prior conviction do not involve section 666. Nevertheless, the fact that the scope of section 666 has been limited should not be taken as eliminating the procedural requirements which, since 1874, have been a part of the statutory scheme for imposing the penalties prescribed in that section.

The decisions of the courts bear out this view that sections 666, 1025, 1093 and 1158 have been and still are a part of the same statutory plan. In a prosecution for petit theft with a prior petit theft, defendant is entitled to confess the prior outside the presence of the jury and thereby eliminate it as an issue. Disclosure of the prior to the jury is reversible error unless proof of the prior is made necessary by defendant's refusal to admit it. (*People* v. *Meyer*, 73 Cal. 548 [15 P. 95] ; *People* v. *Gallinger*, 212 Cal.App.2d 851 [28 Cal. Rptr. 472] ; *People* v. *Hobbs*, 37 Cal.App.2d 8 [98 P.2d 775]. Cf. *People* v. *Hudgins*, 59 Cal.App.2d 175, 181 [138 P.2d 311] (drunk driving with prior drunk driving).)

No decision has been found reversing a conviction under section 666 for failure to make a specific finding on the prior in the form required by section 1158. There are, however, persuasive analogies.

*People* v. *Eppinger* (1895) 109 Cal. 294 [41 P. 1037], was a prosecution for forgery with a prior conviction for petit larceny, within the then-existing provisions of Penal Code section 667. In reversing the judgment the court said (at p. 297) : "The defendant, having pleaded not guilty, put the prosecution to proof upon all material averments, of which that of prior conviction was one. The jury did not find specifically upon this issue as they were required to do by section 1158 of the Penal Code, but returned a verdict finding the defendant guilty as charged.

". . . . . . . . . . . .

"[P. 298] The verdict rendered should be treated as a finding against the defendant upon the crime charged, and in favor of the defendant upon the question of prior conviction."

In *People* v. *Dueber* (1917) 34 Cal.App. 686 [168 P. 578], defendant was charged with sale of narcotics, with two prior convictions for violation of the same statute. Under the law then in effect the first two offenses were misdemeanors, triable in an inferior court, but the third offense was a felony punishable by imprisonment in the state prison and triable only in the superior court. When the defendant was arraigned he made no answer to the prior convictions charged against him. The verdict of the jury was a general one. It simply found the defendant "guilty as charged." The appellate court reversed upon the authority of the *Eppinger* decision.

The *Dueber* opinion contains the following language (at p. 689): "The attorney-general further contends that the requirement of section 1158 that a special finding of the previous convictions alleged must be made applies only to certain sections of the Penal Code prescribing aggravated penalties in cases of prior convictions of certain offenses. (See Pen. Code, secs. 666, 667.)

". . . . . . . . . . . .

"[Pp. 690-691] We are unable to coincide with the contention that section 1158 of the Penal Code was intended to apply exclusively to sections 666 and 667 of said code. Section 1158 is, as we have in effect said and as is plainly true, in general and unqualified language, and neither from said language nor from any reason rationally arising from the natural theory of such a rule of law are we to conclude or even infer that it was not intended to apply to any case, whether provided for before and at the time of its enactment or might thereafter be provided for, in which a person charged with a public offense might have pleaded and proved against him the fact of his having suffered a previous conviction of a crime for the purpose of authorizing a more drastic punishment for the crime charged than would be inflicted where such prior conviction had not been brought up against him and proved. The section seems to us to be very plain upon this proposition."

The *Dueber* decision was followed by *People* v. *Franklin*, 36 Cal.App. 23 [171 P. 441], in which a petition for hearing in the Supreme Court was denied.

In prosecutions under the Wright Act, which provided increased punishment for subsequent convictions for illegal possession of liquor, it was held that a verdict in the form "guilty of the offense charged" was not sufficient as a finding on the alleged prior convictions. (*In re Hall*, 88 Cal.App. 212 [263

P. 295]; see *People* v. *Cordosco,* 77 Cal.App. 780, 782 [246 P. 461].)

▮ The cases discussed above must be distinguished from those involving offenses in which the status of the defendant as a convicted criminal is one of the elements of the offense. In the latter situation, section 1158 is not applicable. A defendant does not have the privilege of pleading separately as to his prior criminality and thereby keeping that issue from the jury; and in such a case the general verdict of "guilty" is necessarily a finding that defendant had suffered the prior conviction. An example of such a situation is a prosecution for violation of Penal Code section 12021, which forbids possession of certain firearms by a person who has been convicted of a felony. (*People* v. *Davenport,* 210 Cal. App.2d 335, 340 [26 Cal.Rptr. 753].)

In *People* v. *Oppenheimer,* 156 Cal. 733 [106 P. 74], defendant was convicted of a violation of what was then Penal Code section 246, that is, the offense of assault by a person undergoing a life sentence in the state prison. On appeal he contended that, since he had admitted his previous conviction upon arraignment, no evidence relating to it should have been received at the trial, citing Penal Code sections 1093, subdivision 1, and 1025. The court's response was as follows (at p. 738) : "The provisions of the Penal Code thus relied on by him have reference exclusively to those cases where a previous conviction of some other and distinct offense is alleged for the purpose of enabling the court to impose a greater punishment than is authorized for the offense charged where there is no prior conviction (see Pen. Code, secs. 666, 667, and 668), and can have no application where the fact of the prior conviction is an essential element of the offense charged."

▮ In the light of the history of section 1158 and the statements of the courts in applying it, there is no room for doubt that it is applicable to a prosecution for petit theft under the present Penal Code section 666. This leaves only to be determined the interpretation to be placed upon the finding made in the present case.

In *People* v. *Ahouse,* 162 Cal.App.2d 586 [328 P.2d 227], the verdict returned by the jury was in the following form: "We, the Jury in the above entitled action, find the Defendant guilty of Petty theft with prior conviction of petty theft, a felony, as charged in the information." The appellate court held that this verdict was a substantial compliance with sec-

tion 1158 even though the finding was not in the statutory form. Also pertinent is *People* v. *Flohr*, 30 Cal.App.2d 576, 581 [86 P.2d 862], in which the defendant was charged with robbery while armed with a deadly weapon. The court held that the verdict, "guilty as charged in the information," was, in its context, a sufficient finding that the defendant was armed, as required by Penal Code section 1158a.

In the present case the prior conviction and imprisonment were clearly shown by unchallenged documentary proof. The only issue raised by the testimony of the defendant was whether at the time of the current offense he was too drunk to have any intent to steal. There was no possible reason for not finding the previous conviction true. Under the circumstances the court's statement at the close of the case cannot reasonably be construed as a finding in favor of the defendant on the prior. Certainly no one present construed it as such. The clerk's interpretation of the court's finding is reflected in the recital of the judgment that defendant had been found guilty of "PETTY THEFT WITH A PRIOR CONVICTION OF PETTY THEFT (Sec 666 PC), a felony, as charged in the information. . . ." The trial court's finding was irregular, but this court cannot construe it as an acquittal.

For the sole reason that this case was not tried in conformity with the rule subsequently laid down in the *Dorado* case, the judgment is reversed.

Jefferson, J., and Kingsley, J., concurred.