Filed 4/17/14  P. v. Gutierrez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESSE BERNAL GUTIERREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B248585<br>(Super. Ct. No. GA086998)<br>(Los Angeles County)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered the opinion filed on March 26, 2014, be modified as follows:

On page 4, after the first full paragraph, insert the following full paragraph:
Appellant asserts that notwithstanding constitutional concerns, section 1158 bars retrial of prior conviction allegations as a statutory matter.  We are not persuaded.  The cases cited by appellant (e.g., *In re Daniels* (1931) 119 Cal.App. 350; *In re Hall* (1927) 88 Cal.App. 212) predate *People v. Barragan*, *supra*, 32 Cal.4th 236, which considered whether allowing a retrial of prior conviction allegations affords the prosecution a remedy denied by section 1158 and other statutes.  The Supreme Court "[found] nothing in the pleading and proof requirement of the cited statutes that suggests a legislative intent to preclude retrial after an appellate court reverses, for insufficient evidence, a factfinder's true finding on a prior conviction allegation." (*Barragan,* at p. 258, fn. omitted.)  The rule should be no different where, as here, the trial court inadvertently

neglected to try the priors.  If a true finding lacking sufficient evidence can be retried, it only makes sense to allow a retrial where no finding was made.  To hold otherwise "'. . . might create disincentives' that would cause the Legislature to 'diminish the[] important procedural protections' it has statutorily provided as 'a matter of legislative grace, not constitutional command.'  [Citation.]"  (*Id.* at pp. 258-259.)

[There is no change in the judgment.]

Appellant's petition for rehearing is denied.

Filed 3/26/14 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B248585 |
| Plaintiff and Respondent, | (Super. Ct. No. GA086998) |
| | (Los Angeles County) |
| v. | |
| JESSE BERNAL GUTIERREZ, | |
| Defendant and Appellant. | |

Appellant Jesse Bernal Gutierrez's motion to bifurcate the trial of prior offenses from the trial of charged crimes was granted. Following his conviction of the criminal charges, the matter was set for a bench trial of the priors and for sentencing. After several continuances, the trial court sentenced him on the charges and the priors. Unfortunately, the priors were never tried.

*"'No, no!' said the Queen. 'Sentence first - verdict afterwards.' 'Stuff and nonsense!' said Alice loudly. 'The idea of having the sentence first.'"*[1]

We concur with Alice.

Appellant was charged by information with second degree commercial burglary (Pen. Code, § 459; count 1),[2] petty theft with a prior (§ 666, subd. (b); count 2),

---

[1] Carroll, Alice's Adventures in Wonderland (1865) ch. XII, Alice's Evidence.

[2] All statutory references are to the Penal Code unless otherwise stated.

and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 3). Count 2 alleged that appellant had a prior conviction for violating Vehicle Code section 10851 (auto theft) and had served time in a penal institution for that crime. (§ 666, subd. (b).) It was further alleged that appellant had a prior felony conviction under the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served four prior prison terms pursuant to section 667.5, subdivision (b). The trial court bifurcated the trial on the priors.

The jury found appellant guilty of petty theft (§ 484, subd. (a)) and possession of methamphetamine. He was acquitted on count 1. Appellant waived his right to a jury trial on the allegations that he had a prior "strike" conviction, had served a prior prison term and had a prior theft conviction for which he was incarcerated. The trial court continued "the matter for sentencing and for the priors."

On the scheduled date, the trial court denied appellant's motion to dismiss the prior strike allegation (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497), and continued the matter for sentencing. Three continuances later, the trial court sentenced appellant. In its sentencing allocution,[3] the court stated: "In addition to the jury trial convictions, the court *found* true the allegation that the defendant suffered a prior conviction and fell within the meaning of . . . section 1170.12(a) through (d)," and "also *found* true the allegation that the defendant suffered another prior conviction which fell under . . . section 667.5(b)." (Italics added.) The court imposed two years on count 2 and eight months on count 3. It doubled the term to five years four months based on the prior strike and added one year for the prior prison term, for a total sentence of six years four months. Appellant was awarded 560 days of custody credit. There is no record of a trial on the truth of the commission of the prior offenses.

Appellant contends, and the Attorney General concedes, his sentence is unauthorized because the priors were not resolved by way of trial or admission.

---

[3] Section 1200.

2

Accordingly, we affirm the judgment of conviction, vacate the sentence and remand for further proceedings.

## FACTS

Because the facts underlying appellant's conviction are not relevant to the issue raised on appeal, we need not discuss them. In short, appellant was observed taking items from a department store without paying for them. Following his arrest, police found methamphetamine in one of his pockets.

## DISCUSSION

Section 1025 provides in part that when a defendant is charged with having suffered a prior conviction and enters a denial, the question of whether or not the defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty, or by the court if a jury is waived. (Subd. (b).) Section 1158 states that whenever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he is charged, the jury, or the judge if a jury trial is waived, must find whether or not he has suffered such previous conviction.

The parties agree that appellant's sentence is unauthorized because it was based on prior convictions that were not admitted or tried. After appellant waived a jury trial on the priors, the trial court set a hearing "for sentencing and for the priors." That hearing was continued three times, primarily because the probation and sentencing report was not available. During those continuances, no reference was made to the priors. When the sentencing hearing was held, the court stated that it had "found" true the allegations that appellant had suffered a prior strike conviction (§ 1170.12, subds. (a)-(d)) and prior prison term (§ 667.5, subd. (b)). Nothing in the record supports this statement. Neither the reporter's transcript nor the clerk's transcript reflects that the allegations were found true following trial or admitted by appellant.

In addition, the trial court sentenced appellant based on his conviction for petty theft with a prior, in violation of section 666, subdivision (b). The jury did not convict appellant of petty theft with a prior; it convicted him of petty theft (§ 484, subd.

3

(a)), a misdemeanor. (See §§ 486, 488, 490; *People v. Terry* (1996) 47 Cal.App.4th 329, 331.) Section 666, subdivision (b), allows the court to punish petty theft as a felony if the defendant has a prior theft-related conviction for which he was incarcerated plus a prior strike conviction.[4] This is a sentencing factor for the court, not a substantive element of an offense for the jury. (*People v. Bouzas* (1991) 53 Cal.3d 467, 473-475; *People v. Robinson* (2004) 122 Cal.App.4th 275, 281 [Section 666 "establishes an alternate and elevated penalty for a petty theft conviction when a recidivist defendant has served a prior term in a penal institution for a listed offense"].) The record does not reflect that the trial court found those allegations in count 2 to be true for the purpose of enhancing the sentence under section 666, subdivision (b).

Appellant contends the trial court's failure to properly resolve these allegations means they were found "not true" and may not be retried. We disagree. It is well established that when the prosecution fails to prove the existence of a prior conviction allegation, and the matter is reversed on appeal for insufficient evidence, double jeopardy does not bar remand and retrial of the proof of the prior conviction allegation. (*Monge v. California* (1998) 524 U.S. 721, 730; *People v. Monge* (1997) 16 Cal.4th 826, 845; see also *People v. Barragan* (2004) 32 Cal.4th 236, 239, 241, 243-258 [retrial of prior conviction allegation in noncapital case does not violate principles of due process, law of the case, or res judicata].)

*People v. Miller* (2008) 164 Cal.App.4th 653 (*Miller*), addressed a situation similar to the instant case. The defendant was charged with driving with a suspended license and having a prior conviction for the same offense. The defendant waived a jury trial on the existence of the prior. The court imposed sentence based on the prior, but it

---

**4** Section 666, subdivision (b) provides, in relevant part: "Notwithstanding Section 490, any person described in paragraph (1) who, having been convicted of petty theft, grand theft, . . . auto theft under Section 10851 of the Vehicle Code . . . , and having served a term of imprisonment therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, and who is subsequently convicted of petty theft, is punishable by imprisonment in the county jail not exceeding one year, or in the state prison. [¶] (1) This subdivision shall apply to any person . . . who has a prior violent or serious felony conviction, as specified in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."

never conducted a trial or made any findings as to its existence. *Miller* held the sentence imposed was legally unauthorized because the prior conviction allegation was never found true. "As double jeopardy protections do not apply to the trial of prior conviction allegations [citation], we remand for a court trial on the prior conviction allegation and resentencing [citation]." (*Id.* at p. 668.)

Here, the trial court imposed the second strike sentence and the one-year prison term enhancement based on the unsupported belief that it had found those special allegations to be true. It also enhanced appellant's sentence under section 666, subdivision (b), for petty theft with a prior, without finding that appellant had a theft-related conviction for which he was incarcerated plus a prior strike conviction. As in *Miller,* the unauthorized sentence must be vacated and the matter remanded for a court trial on the prior conviction allegations. (*Miller, supra,* 164 Cal.App.4th at p. 668.)

DISPOSITION

The sentence is vacated and the matter remanded for further proceedings as to the truth of the prior conviction allegations and for resentencing. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

5

Michael D. Carter, Judge

Superior Court County of Los Angeles

_____

California Appellate Project, Jonathan B. Steiner, Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Jessica C. Owen, Deputy Attorney General, for Plaintiff and Respondent.