[Crim. No. 4398.   First Dist., Div. Three.   Oct. 1, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. ELVER LAWRENCE HICKOK, Defendant and Appellant.

---

58

Arlene N. Heath, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Edward P. O'Brien and John F. Kraetzer, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—Appellant and Gerald Lee Ancelet were jointly charged with robbery (Pen. Code, § 211). Appellant was also charged with four prior felony convictions. Appellant denied the robbery. He denied three of the prior felonies and admitted one. After jury trial he was found guilty of robbery. The jury also found he had suffered the three prior convictions charged in the information. Appellant was adjudged an habitual criminal within the meaning of Penal Code section 644, subdivision (a), and sentenced to prison.

The robbery charge against appellant stems from the robbery of Jim's restaurant and bar in Emeryville about midnight December 20, 1962. Three men entered the bar. Two of the men were armed with shotguns. The robbers took the contents of the bar register and also robbed five patrons. A coowner of the bar and three of the patrons identified appellant as one of the robbers.

Appellant first contends that the evidence against him is inherently improbable and insufficient to support the verdict. The rule is that testimony is not inherently improbable unless it appears that what was related was physically impossible or its falsity is apparent without resort to inferences or deductions. (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758].) Moreover, a conviction will not be reversed unless it is clear that upon no hypothesis whatever is there sufficient substantial evidence to support the verdict. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) Here, as we have noted, appellant was identified as one of the robbers by four persons, all of whom were present during the robbery. All of the witnesses who identified appellant had some opportunity to observe him as the robbery progressed. This testimony concerning appellant's identification and his presence at the scene of the robbery presented a factual question to be decided by the jury. (*People* v. *Ramirez,* 163 Cal.App.2d 590, 593 [329 P.2d 499].) There is nothing in the record to suggest that this evidence was physically impossible or false, and certainly no justification exists for describing such evidence as inherently improbable or as insufficient to support the judgment.

Appellant next contends it was error to bring before the jury the question of his prior convictions before the determination of his guilt or innocence on the robbery charge. He argues that bifurcated trial, or at least bifurcated deliberation by the jury, was required, and that no matter re-

specting his prior convictions should have been brought to the attention of the jury until after his guilt on the primary charge had been determined. This contention is not supported by authority. ■ The prosecution was required to charge appellant with all known previous convictions, whether in this state or elsewhere (Pen. Code, § 969). Whether appellant had in fact suffered the three convictions charged was one of the issues in the case. ■ The clerk was required to read to the jury the accusatory pleading charging the prior convictions, omitting only the one admitted by appellant. (Pen. Code, § 1093; *People* v. *Williams,* 148 Cal.App.2d 525, 535 [307 P.2d 48]; Witkin, Cal. Crim. Procedure, § 427, p. 426.) Thus the charge of prior conviction of felonies and appellant's denial thereof was brought to the attention of the jury at the very outset of the trial. ■ As one of the issues in the case it was properly determined by the same jury that decided the issue raised by appellant's plea of not guilty of the robbery charge. (Pen. Code, § 1025; *People* v. *Ysabel,* 28 Cal.App.2d 259, 263 [82 P.2d 476]; *People* v. *Hoerler,* 208 Cal.App.2d 402, 407-409 [25 Cal.Rptr. 209].) A separate, bifurcated trial on the issue of appellant's prior convictions was not required.

■ Appellant's contention that he was not present at all phases of the trial is not supported by the record. During trial appellant's codefendant Ancelet withdrew his plea of not guilty and entered a plea of guilty to the charges against him. The reporter's transcript shows that these proceedings took place in the judge's chambers, out of the presence of the jury, and that appellant was present. The court reporter has certified the transcript to be correct. The trial judge has certified that no objections were made to the transcript within the time prescribed by law. On appeal, however, appellant attacks the record, and has attached to his opening brief an affidavit in which he asserts as a fact that he was not present in the judge's chambers when his codefendant changed his plea from not guilty to guilty.

Appellant's affidavit, attached to his opening brief, forms no part of the record on appeal, and may not be considered by us in our disposition of the issue raised here. (*People* v. *Agnew,* 16 Cal.2d 655, 660 [107 P.2d 601]; *People* v. *Croft,* 134 Cal.App.2d 800, 804 [286 P.2d 479].) Nevertheless, when appellant's brief and affidavit were received by us, we returned the record to the trial court for consideration of appellant's affidavit and for such further hearing and for such

correction of the record as the trial court might deem necessary. We gave notice of our order to appellant's counsel. Later, the record was returned to us, recertified by the trial judge as correct as originally filed. Thus the record does not support appellant's claim that he was not present at all phases of his trial and that issue must therefore be resolved against him.

Appellant argues that he was denied counsel. The record refutes this charge. Appellant was represented by an attorney during the entire trial. After conviction, during proceedings relating to sentence, and while his attorney was present, appellant declared to the court that he wished to discharge his counsel ''for fifteen minutes.'' The court permitted appellant to speak and to say all that he wished to say before sentence was pronounced. There is nothing in appellant's remarks to suggest that he wished thereafter to represent himself, or that he wanted another attorney. After appellant had said what he wished to say, his counsel continued to represent him, and during the sentencing procedure secured at least one ruling by the court quite favorable to appellant. Moreover, the record affirmatively shows that appellant's counsel was not relieved of his duties and discharged by the court until after all matters relating to sentence had been completed. It is apparent from the record that appellant had counsel throughout his entire trial and until his case was closed by the judgment of the court.

Finally, appellant claims error in that the trial court did not grant his motion to sever his trial from that of his codefendant Ancelet, and also that it was error to sentence him as an habitual criminal pursuant to Penal Code section 644, subdivision (a).

When two or more defendants are jointly charged with a public offense, they must be jointly tried, unless the court orders separate trials. (Pen. Code, § 1098.) The grant or denial of separate trial rests within the discretion of the trial court. (*People* v. *Andrews,* 165 Cal.App.2d 626, 636 [332 P.2d 408].) Appellant shows no prejudice arising from his joint trial with his codefendant Ancelet and consequently shows no abuse of discretion in the denial of his motion for severance.

Appellant was properly sentenced as an habitual criminal pursuant to Penal Code section 644, subdivision (a). The jury found true the alleged prior conviction of robbery in 1946; appellant admitted his robbery conviction in 1953.

Thus these two prior robbery convictions, together with appellant's conviction of robbery in this case, sustain his adjudication as an habitual criminal pursuant to section 644, subdivision (a).

The purported appeal from denial of appellant's motion for a new trial is dismissed; the judgment is affirmed.

Draper, P. J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 25, 1964.