[Crim. No. 5248.   First Dist., Div. Three.   June 10, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. PETER THOMAS MOLERA, Defendant and Appellant.

Harold S. Bauman, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Charlton G. Holland, Deputy Attorney General, for Plaintiff and Respondent.

DRAPER, P. J.—A jury found defendant guilty of first degree burglary and found that the charges of three prior felony convictions were true. Defendant was sentenced to prison but was not found to be an habitual criminal. He appeals.

Defendant was caught by police in the act of burglary, and testified that he committed it. The only fact issue concerned degree, and turned on his throwing of a hammer when surprised in the burglarized premises. If this was an assault, the burglary was of the first degree; if not, it was of the second degree (Pen. Code, § 460). The jury found against him on this issue, and he does not suggest insufficiency of the evidence.

█ He asserts that he was denied due process when the clerk read to the jury, at the outset of the trial, the portion of the information alleging the three prior convictions. Although he had denied the priors and concedes that the issue thus raised was for the jury, he contends that it should have been separately tried to the same jury, and that his trial on the present offense should have been unclouded by any reference to his earlier convictions.

But a long line of California authorities upholds the constitutionality of the statutes (Pen. Code, §§ 1025, 1093) prescribing the procedure here followed (*People* v. *Hickok*, 230 Cal.App.2d 57, 59-60 [40 Cal.Rptr. 687]; *People* v. *Hoerler*, 208 Cal.App.2d 402, 407-409 [25 Cal.Rptr. 209]; and cases there cited). Defendant relies upon a federal case (*Lane* v. *Warden* (4th Cir. 1963) 320 F.2d 179) which supports his view and applied it to strike down a Maryland statute prescribing procedures somewhat similar to our own. But another circuit flatly refused to follow the *Lane* rule (*Breen* v. *Beto* (5th Cir. 1965) 341 F. 2d 96). █ We note, too, that here the issue was not raised either at or before trial, thus barring its assertion on appeal (*People* v. *Collins*, 117 Cal.App.2d 175, 183 [255 P.2d 59]), whereas the contention was asserted before trial in *Lane*.

We find no reason to adopt the rule of *Lane*. In any event, it is difficult to see how the reading of the charges of priors prejudiced, on the guilt issue, a defendant who admitted his guilt on the witness stand. A successful rebuttal of priors falsely charged could aid, on the guilt issue, a defendant who offered any defense. Here, defendant both admitted his guilt and, on cross-examination, admitted the prior convictions. The nature of the priors had no bearing upon the only contested fact issue on the basic charge—whether there was an assault upon the arresting officer.

Defendant also asserts that it was improper to cross-examine him as to his prior convictions. But such impeachment of a defendant who takes the stand in his own behalf is entirely proper (*People* v. *Pike*, 58 Cal.2d 70, 93 [22 Cal.Rptr. 664, 372 P.2d 656]), and even *Lane* accepts this view (320 F.2d at p. 182).

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 17, 1966.