Filed 3/18/26  Marriage of Zhang and Mo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of WANSHAO ZHANG and CHAYHOUAT MO. | H052520 (Santa Clara County Super. Ct. No. 20FL001352) |
| WANSHAO ZHANG, Appellant, v. CHAYHOUAT MO, Respondent. | |

Appellant Wanshao Zhang and respondent Chayhouat Mo were married in 2004 and had three children.  Zhang, a self-represented litigant in this court, filed for dissolution of marriage in 2020.[1]  In 2022, while the marital dissolution action was still pending, the trial court ordered guideline child support in a specified amount, ordered "temporary spousal support of $0," and included a table that calculated additional support depending on Mo's bonus wages.  Relevant to this appeal, in 2024, Zhang filed a request for $56,593 as a "true up" of temporary spousal support based on bonus wages earned by Mo during the first half of 2023.  On July 11, 2024, the trial court, with a different judge presiding than when the 2022 order was issued, denied Zhang's request.

---

[1] The record on appeal reflects that Zhang had counsel representing her at various points during the marital dissolution action.

On appeal, Zhang contends that the trial court, in denying her request, misinterpreted the prior 2022 order. She argues that the existence of the bonus table attached to the prior order demonstrates that the table "was intended to apply to both child and spousal support true-ups."

Mo has filed a motion in this court for affirmation of the trial court's July 2024 order.

For reasons that we will explain, we determine that Mo fails to persuasively articulate a basis for affirming the trial court's order by way of motion, and we will therefore deny his motion. However, as we will explain, we determine that Zhang fails to meet her burden on appeal to show error, and therefore we will affirm the trial court's July 2024 order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The 2022 Order*

According to the clerk's transcript on appeal, a hearing was held on September 29, 2022, regarding Mo's request for an order modifying support. A minute order for the hearing reflects that the trial court ordered guideline child support of $1,996 and temporary spousal support of "$0" retroactive to July 20, 2022. The court ordered Mo's counsel to prepare a proposed findings and order after hearing "with bonus table."

The minute order reflects that the trial court also had a "discussion" with the parties about "the last proposed" findings and order after hearing; that Zhang, a self-represented litigant, "need[ed] to be cc'd"; and that "a bonus table need[ed] to be attached."

The trial court filed the findings and order after hearing for the September 29, 2022 hearing on October 27, 2022. Consistent with the minute order, this written order reflects that the court ordered "guideline child support in the amount of $1,996 per month retroactive to the date of filing 7-20-22 and temporary spousal support of $0 retroactive

2

to 7-20-22." It appears from the record on appeal that bonus tables pertaining to each party were attached to the order.

## B. *The 2024 Request for Order*

In 2024, Zhang as a self-represented litigant filed a request for order (RFO) seeking temporary spousal support in the amount of $56,593 as a "true up" for the first and second quarters of 2023. She indicated that a supporting declaration was filed concurrently with the RFO. The clerk's transcript on appeal does not contain the declaration or any other document supporting the RFO.

Mo's counsel filed a document in response to the RFO. Although the document was titled as a "declaration" of counsel, it was not signed under penalty of perjury. (Capitalization and boldface omitted.) In the document, Mo's counsel argued that Zhang "claimed no bonus true-ups were made while knowing very well bonus income was included in the monthly support payments during that entire time. She was not due another support payment via Smith-Ostler,[2] but [Mo] paid her anyway just to avoid more litigation." Mo's counsel indicated that a "memorandum of points and authorities in response to [the] RFO" was also being filed. (Capitalization and boldface omitted.) The memorandum is not contained in the clerk's transcript on appeal.

Zhang filed a reply in support of her RFO.[3] She contended that a "bonus table" was attached to two court orders filed on October 21, and 27, 2022. Zhang argued that Mo "selectively chose[] to use it for true-up for child support but not spousal support." (Capitalization omitted.) According to Zhang, this "contradicted" the 2022 true-up calculations made by the "independent CPA" hired by Mo who had used the bonus table for both spousal support and child support true-up calculations. Zhang argued that Mo

---

[2] Mo's counsel was apparently referring to *In re Marriage of Ostler & Smith* (1990) 223 Cal.App.3d 33 (*Ostler & Smith*).

[3] Zhang's reply was titled as a declaration, but it was not signed under penalty of perjury.

3

was "simply trying to stall his support payments again . . . ." Zhang stated that her own calculation of Mo's "support arrears" for 2023 were based on the bonus table. She requested a revised total of $60,475, which included the third and fourth quarters of 2023, based on tax returns apparently provided by Mo after her RFO was filed in May 2024. Among other documents attached to Zhang's reply brief were a 2022 "support true-up" table purportedly prepared by the CPA hired by Mo and a 2023 "support true-up" table. (Capitalization omitted.)

### C. *The July 2024 Hearing*

A hearing was held on Zhang's RFO on July 11, 2024. The judge who presided over the hearing was not the same judge who presided over the 2022 hearing.

The trial court stated that it had reviewed Mo's "response" in which he argued that "spousal support ended in 2022." Mo reiterated at the hearing that there was "no arrears due on spousal support that was no longer in place following July 2022."

Zhang, who was represented by counsel at the hearing, contended that spousal support had not been terminated in 2022. She argued that the prior judge had "set spousal support to zero with a Smith/Ostler for both parties." Zhang contended that if spousal support had been terminated, the prior judge would have used "more certain language."

The trial court disagreed with Zhang. The court stated, "I have to tell you I don't think it's ambiguous. I did take a lot of time. There are 766 documents in this case. I just want you to be aware of that. So it was challenging for the Court to locate and track the orders, but I agree that there was an order made that made spousal support zero dollars retroactive to July of 2022, and that does not appear to the Court to be an ambiguous record. So that's my view of that. [¶] Whether there's a true-up bonus income due for child support is a separate question perhaps, but on the Request for Order that was filed related only to spousal support, it's my tentative conclusion that there was no spousal support ordered after July of 2022."

4

Zhang contended that the prior judge in issuing the 2022 order intended "to set spousal support to zero but have a two-way Smith/Ostler for both parties."

The trial court responded, "I absolutely disagree with that. It very specifically says 'Temporary spousal support is zero dollars retroactive to July 2022.' [The prior judge] knows how to say 'bonus income,' and [the prior judge] knows how to say 'Ostler/Smith.' In fact, if we were talking about other judicial officers in the building, I might not believe that, but [the prior judge] was a family law attorney for many years, as you know, and it just so happens that [the prior judge's] courtroom clerk is someone who writes a fair amount of detail.

"So this line in here about the discussion with both sides about the proposed FOAH [(finding and order after hearing)] I guess you all were having . . . a disagreement about the Finding and Order After Hearing -- . . . that mother needed to be cc'ed and a bonus table needed to be attached to the proposed FOAH that I guess was from a different court appearance.

"But on the Finding and Order After Hearing or the minute order for this appearance, I don't think that that language is ambiguous. If it was a mistake, well, you all needed to address that back in 2022, and you didn't, so this is the state of the record, and based on that record, I'm going to deny the request."

The July 11, 2024 minute order for the hearing reflects that Zhang's request was denied in its entirety.

Zhang filed a timely notice of appeal regarding the trial court's July 11, 2024 denial of her request for a temporary spousal support "[t]rue-up."

## II. DISCUSSION

### A. *Mo's Motion for Affirmation of the Trial Court's July 2024 Order*

After filing his respondent's brief in this court, Mo filed a motion for affirmation of the trial court's July 2024 order. First, Mo contends that the court's order should be

5

affirmed "under the doctrine of res judicata." Second, Mo argues that summary affirmance by motion is proper because the appeal is based on the prior 2022 order and the appeal is therefore time-barred. Third, Mo contends that Zhang "failed to designate and procure necessary components of the appellate record." Fourth, Mo contends that the appeal is frivolous and that it may be dismissed or affirmed on that basis. Fifth, Mo argues that Zhang has employed vexatious litigant tactics.

We deny Mo's motion to affirm the trial court's order. First, Mo fails to persuasively articulate why res judicata applies in this case, including by demonstrating that all the prerequisites for application of the doctrine have been met based on the record in this case. (See, e.g., *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824 [generally describing claim and issue preclusion].)

Second, Zhang's appeal from the trial court's July 11, 2024 order is not time-barred. Although resolution of Zhang's claim of error implicates the earlier 2022 order, we determine that Zhang has timely appealed from the 2024 order.

Third, Mo fails to identify what "necessary components of the appellate record" are missing. "[I]t is not an appellate court's job to develop arguments for the parties." (*Jefferson Street Ventures, LLC v. City of Indio* (2015) 236 Cal.App.4th 1175, 1196, fn. 2; accord *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 546 ["it is not this court's function to serve as [a party's] backup appellate counsel"].)

Fourth, although Mo repeatedly argues that the instant appeal is without merit, he fails to persuasively demonstrate that Zhang's appeal meets the legal standard for being frivolous. (See, e.g*., In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [describing legal standard for determining whether an appeal is frivolous].)

Fifth, Mo similarly fails to persuasively demonstrate that Zhang has engaged in vexatious litigation tactics by way of this appeal. (See, e.g., *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169-1171 [generally describing vexatious litigant statutes].)

Accordingly, we turn to the substance of Zhang's appeal.

6

**B.** *Appellate Review Limited to Matters Contained in the Record on Appeal*

Both parties' briefs in this appeal are deficient because (1) the briefs do not contain any citations to the record on appeal and (2) many of the facts and matters raised in the briefs are not contained in the record on appeal. As we will explain, the scope of our review is limited to the matters properly contained in the record on appeal.

The appellant must file a notice designating the record on appeal. (Cal. Rules of Court, rule 8.121(a) & (b).)[4] The "normal record on appeal" consists of (1) a "record of the written documents from the superior court proceedings" as contained in, for example, a clerk's transcript, and (2) a "record of [the] oral proceedings" as usually contained in a reporter's transcript. (Rule 8.120(a)(1)(A) & (b)(1).) The appellant must "[p]rovide a summary of the significant facts limited to matters in the record" on appeal. (Rule 8.204(a)(2)(C).) Further, all parties must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1).)

On appeal, " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; accord, *In re Julian R.* (2009) 47 Cal.4th 487, 498-499.) In other words, "the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).)

To meet this burden, the appellant must "provide an adequate record to assess error." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 (*Maria P.*).) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson*, *supra*, 5 Cal.5th at p. 609.) In other words, " ' "if the record is

---

[4] All further rule references are to the California Rules of Court.

inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.]" (*Ibid.*)

An appellate court's review is generally "confined . . . to the proceedings which took place in the court below and are brought up for review in a properly prepared record on appeal [citation]." (*USLIFE Savings & Loan Assn. v. National Surety Corp.* (1981) 115 Cal.App.3d 336, 343.) " 'No facts outside the record and no affidavits which were not before the trial court can be considered on appeal.' [Citations.]" (*Dryer v. Dryer* (1964) 231 Cal.App.2d 441, 451 (*Dryer*).) Consequently, factual allegations "which are not in the record, but only in the briefs, cannot be considered by an appellate court." (*Ibid.*; accord, *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 463 (*Ehman*) [explaining that "[m]atter which does not appear in the record may not be considered by an appellate court upon the suggestion of counsel in their briefs"].) In other words, " 'if it is not in the record, it did not happen.' " (*Jameson*, *supra*, 5 Cal.5th at p. 609, fn. 11.)

"A party filing a brief may attach copies of exhibits or other materials" but these attachments must already be part of "the appellate record." (Rule 8.204(d).) An appellate court will not consider material that is included with an appellate brief but that is "not part of the appellate record." (*Ilczyszyn v. Southwest Airlines Co.* (2022) 80 Cal.App.5th 577, 587, fn. 9 (*Ilczyszyn*); see *People v. Hickok* (1964) 230 Cal.App.2d 57, 60 (*Hickok*) [refusing to consider an appellant's declaration that was attached to his opening brief but was not part of the record on appeal].)

Lastly, "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 (*Duarte*).)

In this case, based on Zhang's notice designating the record on appeal, the record consists of (1) a reporter's transcript of the July 11, 2024 hearing and (2) a clerk's transcript. (See rules 8.120, 8.121.) In her opening and reply briefs on appeal, Zhang does not cite either transcript. Instead, she cites documents that are attached to her

8

appellate briefs. At least some of these attachments do not appear in the clerk's transcript. Other documents are similar, but not identical, to documents in the clerk's transcript. For example, Zhang purports to attach the trial court's written order from the September 29, 2022 hearing. However, Zhang does not provide a complete copy that reflects it was signed and filed by the trial court, and her copy differs from the version contained in the clerk's transcript.

Zhang also appears to draft her opening and reply briefs on appeal as declarations. For example, at the outset of her opening brief, she states, "I am . . . familiar with the facts in this declaration. This declaration supports the appeal of the spousal support ruling . . . . [¶] If called upon, I am prepared to testify . . . to the facts stated herein." Similar language is contained in her reply brief. However, on appeal we cannot consider facts or declarations[5] that were not presented to the trial court and that are not contained in the clerk's or reporter's transcript. We will treat her purported declarations as an opening brief and a reply brief containing her arguments on appeal.

Similar to Zhang, Mo does not provide any citations to the record on appeal to support the arguments in his responding brief. His few citations are to the purported order attached to Zhang's opening brief—an order that we have explained is not identical to the signed and filed order contained in the clerk's transcript. Most of Mo's factual assertions also pertain to matters not contained in the record on appeal.

To the extent Zhang in her opening and reply briefs, and Mo in his responding brief, rely on facts or documents not contained in the record on appeal, that is, the clerk's transcript or the reporter's transcript, we decline to consider those purported facts or documents. (*Dryer*, *supra*, 231 Cal.App.2d at p. 451; *Ehman*, *supra*, 221 Cal.App.2d at p. 463; *Ilczyszyn*, *supra*, 80 Cal.App.5th at p. 587, fn. 9; *Hickok*, *supra*, 230 Cal.App.2d at p. 60; see *Jameson*, *supra*, 5 Cal.5th at p. 609, fn. 11.) Further, to the extent Zhang or

---

[5] We note that in Zhang's opening brief on appeal, her purported declaration is not signed under penalty of perjury.

Mo "fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived." (*Duarte*, *supra*, 72 Cal.App.4th at p. 856.)

### C. *July 2024 Order Denying Zhang's Request for a Temporary Spousal Support "[T]rue [U]p"*

Zhang contends that the trial court erred in July 2024, when it denied her request for a spousal support "true-up payment calculation for the first six months of 2023." Zhang argues that the court, in denying her request, misinterpreted the prior 2022 order. Although the prior order stated that temporary spousal support was "$0," the prior order also included a bonus table which, according to Zhang, "was intended to apply to both child and spousal support true-ups." Zhang contends that this interpretation is consistent with Mo's "independent professional" who "previously calculated and paid a true-up for spousal support for the year 2022, using the" September 2022 order.

At the July 2024 hearing, when Zhang was represented by counsel, Zhang argued that the judge who issued the prior 2022 order intended "to set spousal support to zero but have a two-way Smith/Ostler for both parties." The trial court stated, "I absolutely disagree with that. It very specifically says 'Temporary spousal support is zero dollars retroactive to July 2022.' [The prior judge] knows how to say 'bonus income,' and [the prior judge] knows how to say 'Ostler/Smith.' " The court also indicated that it did not find the order ambiguous.

To resolve whether the trial court erred in denying Zhang's request for a temporary spousal support true-up, we must determine the proper interpretation of the prior 2022 order. On appeal, "the 'same rules apply in ascertaining the meaning of a court order or judgment as in ascertaining the meaning of any other writing.' [Citation.] The general rule is that '[t]he language of a . . . [writing] is to govern its interpretation, if

10

the language is clear and explicit, and does not involve an absurdity.' [Citation.]" (*Estate of Careaga* (1964) 61 Cal.2d 471, 475.)

Relevant here, an "*Ostler*/*Smith* provision is 'an additional award, over and above guideline support, expressed as a fraction or percentage of any discretionary bonus actually received.' [Citations.] Its purpose is to capture fluctuations in the supporting spouse's income that are not included in a flat rate amount of support. [Citation.] For example, in . . . *Ostler & Smith* . . . , the provision required the husband to pay a percentage of any performance bonus he received in his employer's discretion as additional support beyond a set amount of monthly support. [Citation.] Case law justifies an *Ostler*/*Smith* award 'on the ground that future bonuses are not guaranteed, and it would be unfair to require the obligor to file motions for modification every time a bonus is reduced [or denied].' [Citations.]" (*In re Marriage of Minkin* (2017) 11 Cal.App.5th 939, 949 (*Minkin*).)

In the present case, it does not appear that Zhang included in the record on appeal all the documents filed by the parties in support of and in opposition to her request for a "true up" regarding spousal support for 2023. Based on Zhang's failure to provide an adequate record, the issue of whether the trial court erred in denying her request may be resolved against her. (See *Jameson*, *supra*, 5 Cal.5th at p. 609; *Maria P.*, *supra*, 43 Cal.3d at p. 1295.)

Even if we consider the substance of Zhang's claim on appeal, we determine that the trial court did not err in denying her request for a "true up" regarding temporary spousal support for 2023. In the written findings and order after the September 2022 hearing, the court ordered "guideline child support in the amount of $1,996 per month . . . and temporary spousal support of $0 . . . ." Although bonus tables were attached to the

11

order, nothing in the order indicates that the tables were to be used in calculating temporary spousal support, which the court ordered to be "$0."

Indeed, at the more recent July 2024 hearing, Zhang, who was represented by counsel, indicated that the bonus tables were related to *Ostler & Smith*. "An *Ostler*/*Smith* provision is 'an *additional award*, *over and above guideline support*, expressed as a fraction or percentage of any discretionary bonus actually received.' [Citations.]" (*Minkin*, *supra*, 11 Cal.App.5th at p. 949, some italics added.) Where, as here, the court previously ordered "temporary spousal support of $0," meaning *no* award of spousal support, it would not be reasonable to construe the order as nevertheless providing for " 'an *additional* award' " of support based on bonus income. (*Ibid.*, italics added.) As the court aptly observed at the later hearing in 2024, if the earlier court intended to make an award of spousal support *despite* its explicit order for "temporary spousal support of $0," the earlier court presumably would have made an express statement concerning " 'bonus income' " or " 'Ostler/Smith.' " In the absence of such additional language in the 2022 written order, we agree with the later court's conclusion in 2024 that the earlier written order for "temporary spousal support of $0" means exactly what it says—temporary spousal support of $0.

Accordingly, we conclude that the trial court did not err in denying Zhang's request for a "true up" regarding temporary spousal support for 2023.

### III.  DISPOSITION

The July 11, 2024 order is affirmed. In the interests of justice, the parties shall bear their own costs on appeal.

_____

Greenwood, P. J.



WE CONCUR:




_____

Danner, J.










_____

Bromberg, J.







H052520 Zhang v. Mo